*In re* ESTATE OF LOUISA J. SETTLE, Deceased.—(GEORGE W. JACKSON, Petitioner-Appellant, *v.* VIVIAN HOLMES, Ex'x of the purported Last Will and Testament of Louisa J. Settle, *et al.*, Respondents-Appellees.)

First District (4th Division)    No. 80-1391

Opinion filed June 11, 1981.—Rehearing denied July 22, 1981.

Synek, Bishart & Porikos, of Chicago (Henry Thrush Synek, of counsel), for appellant.

Leo T. McGonigal, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

George W. Jackson, the petitioner in an action to set aside the will of the late Louisa J. Settle, brought this appeal from an award of attorney's fees to the respondent, Charles Locker, who represented the estate in the will contest. Jackson contends on appeal that the trial court erred in assessing attorney's fees against the estate in that the legal services performed benefitted the executor personally and were not in the interest of the estate, and that the court abused its discretion in determining that $12,000 was a reasonable attorney's fee.

Louisa J. Settle died on August 18, 1977, leaving her brother George W. Jackson as her sole surviving heir at law. A document purporting to be the decedent's last will and testament was admitted to probate. Pursuant to the terms of the will, Vivian Holmes was appointed executor of the estate. With the exception of six $100 bequests, Vivian Holmes was the sole beneficiary of the estate.

Jackson filed a petition to set aside the purported will on the grounds of lack of testamentary capacity and undue influence. Vivian Holmes retained attorney Charles Locker to defend the estate against the petition. Following a jury trial a general verdict was entered which provided that the purported will was not the last will and testament of Louisa J. Settle. The jury did not make a specific finding of fact as to which of the grounds advanced at trial, undue influence or lack of testamentary capacity, was the basis for the verdict. The executor moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial. After a full hearing, the court entered an order denying the motion. The order, as subsequently amended, provided that although "there was no sufficient evidence to sustain a verdict for mental incapacitation * * * there was ample evidence to support the verdict of the jury on the issue of undue influence."

Following the denial of the executor's post-trial motion, Charles Locker filed a verified petition for attorney's fees in the amount of $12,000 plus costs totaling $159. Attached to the petition was a schedule specifying by date and item the legal services performed. A hearing was conducted, during which the trial court questioned Locker about his professional background. Locker stated that he was admitted to practice in 1960 and that he had extensive experience in the area of trial practice, although most of that experience involved criminal law. Locker arrived at the $12,000 figure by estimating that for each day of the six-day trial, he spent three 12-hour days outside of court preparing the case for trial. The court noted that according to this formula, Locker's fee would amount to approximately $55 per hour.

In opposition to the petition, counsel for George W. Jackson brought to the court's attention the fact that there were other attorneys claiming fees from the estate. He argued that the court should consider the other petitions for fees in connection with Locker's petition. The court declined, stating that the other petitions had "nothing to do with whether or not [Locker] is entitled to attorney's fees for what Locker did for the estate."

Both attorneys advanced their estimates as to the size of the estate affected by the will contest. The court was informed that in addition to the estate there was a trust which was affected by the jury's determination. At the conclusion of the hearing, the court awarded attorney's fees to Locker in the amount of $12,000.

The petitioner first contends that the trial court erred in assessing attorney's fees against the estate because the executor acted in bad faith in defending the will. In making this argument, the petitioner does not claim that there is any evidence of bad faith in the record. Rather, he asks us to presume from the outcome of the trial that the executor, at the time she employed Locker, had reasonable grounds to believe the will would be set aside as a result of her undue influence.

In Illinois, the executor of an estate has a statutory duty to defend a suit to contest the will and an appeal. (Ill. Rev. Stat. 1977, ch. 110½, par. 8—4.) Because the employment of counsel is considered indispensable to the discharge of that duty, the court may authorize attorney's fees to be paid from the assets of the estate. (*In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 336, 326 N.E.2d 464, 468.) Although attorney's fees may be rejected where the litigation is not in the interest of the estate, it has been held that in the absence of bad faith such fees will be awarded regardless of the outcome of the litigation. *In re Estate of Breault* (1965), 63 Ill. App. 2d 246, 211 N.E.2d 424.

We cannot accept the contention that a finding of undue influence in and of itself establishes that the executor acted in bad faith in defending the will. The case relied upon by the petitioner, *In re Estate of James*

(1956), 10 Ill. App. 2d 232, 134 N.E.2d 638, is clearly distinguishable from the case at bar. The *James* case involved an appeal from a lower court decision setting aside the testator's will on the grounds of undue influence by the executor. The court affirmed the trial court's denial of attorney's fees for the appeal, stating that "there is no duty or right on the part of the executor, to involve the estate in unnecessary litigation or to pursue an issue at great cost to the estate, where the executor has reasonable grounds to believe that the decree finding the will invalid by reason of undue influence was proper, as in this case." (*James*, 10 Ill. App. 2d 232, 242, 134 N.E.2d 638, 643.) In *James* the issue of undue influence had already been litigated and decided unfavorably to the executor. Here, the petitioner would have us presume that the executor knew the will would be set aside at the time she employed Locker to prepare the estate's defense. *James* does not stand for the proposition that a determination of bad faith and a corresponding denial of attorney's fees are required whenever an executor is found to have exercised undue influence. Such matters rest in the sound discretion of the trial court and should be based on all the circumstances of the case. *James*, 10 Ill. App. 2d 232, 243, 134 N.E.2d at 638, 643.

■■ In the case at bar, the trial court's assessment of attorney's fees against the estate reflects a determination that the executor was properly fulfilling her statutory duty to defend the will. Because the petitioner has not provided us with a transcript of the trial, we do not know what actual evidence was presented concerning undue influence and bad faith. We thus have no basis upon which to overturn the trial court's exercise of discretion.

The petitioner next contends that the trial court abused its discretion in determining that $12,000 was a reasonable fee. He claims that the court erroneously failed to consider evidence of the actual hours spent, Locker's lack of expertise in probate matters, the size of the estate and the petitions of other attorneys claiming fees from the estate.

■■ In order to alter a fee allowance made by the trial court, a court of review must find the determination of the trial court manifestly erroneous. (*In re Estate of Marks* (1979), 74 Ill. App. 3d 599, 393 N.E.2d 538.) While evidence of the actual number of hours spent by the attorney is relevant, the failure of the attorney to keep time records does not negate the reasonableness of the fee awarded. (*In re Estate of Parlier* (1976), 40 Ill. App. 3d 840, 354 N.E.2d 32.) The trial court may rely upon its experience to make a reasonable estimate of the time that would normally be required to perform the services shown to have been rendered. *In re Estate of Parlier*.

Locker's petition for fees was supported by a schedule listing by item and dates the services performed in connection with the will contest. The

trial judge heard the various motions of counsel and presided over the trial and post-trial proceedings. He was thus able to observe and assess the quality and nature of the legal services rendered by Locker. We cannot say that the court abused its discretion in accepting as true Locker's estimate concerning the amount of time necessary to perform those services.

The record shows that the trial court questioned Locker about his experience and professional background. The petitioner correctly asserts that most of his experience involved criminal rather than probate law. However, Locker stated that he had extensive experience in the area of trial practice. The trial court may have felt that in defending a will contest before a jury, Locker's trial expertise was more valuable than a detailed knowledge of probate law.

■■ The petitioner's assertion that the trial court ignored the size of the estate in making its determination is not supported by the record. The court heard argument of counsel concerning the size of the estate, a trust related to the estate and certain ancillary property. Although the court did not consider the fee petitions of the other attorneys, the petitioner cites no authority which would lead us to conclude that this decision was manifestly erroneous. We conclude that the court considered the necessary factors and properly exercised its discretion in determining that an award of $12,000 in attorney's fees was reasonable.

Accordingly the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.