FLORENCE CURTIS FITZGERALD, Plaintiff-Appellee, v. LAKE SHORE ANIMAL HOSPITAL, INC., Defendant-Appellant.

First District (2nd Division)   No. 1—87—2198

Opinion filed May 16, 1989.

A. Marcy Newman, of Arvey, Hodes, Costello & Burman, of Chicago (Sidney Z. Karasik and Jill Kline, of counsel), for appellant.

W.B. Martin Gross, Thomas H. Donohoe, and David L. Grobart, all of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

This action was brought to recover possession of commercial property leased to defendant. The trial court entered summary judgment in favor of plaintiff and awarded a portion of her attorney fees incurred in enforcing the terms of the lease. Defendant appeals, arguing that the trial court abused its discretion in awarding those fees.

Defendant has been the tenant in plaintiff's building, located at 225 West Division Street in Chicago, since it was built in 1966. The facility is a single-use structure with specifically designed features, many of which were created and provided by defendant's owner, the late Dr. Prasuhn, for use in his hospital. On January 31, 1985, the parties entered into a written lease for a term of one month, renewable by holding over. The holdover tenancy under the lease was on a month-to-month basis and was terminable by either party upon one month's notice. The pertinent provision in the lease is as follows:

> "At the termination of this lease, by lapse of time or otherwise, Lessee will yield up immediate possession of the Premises to Lessor, in good condition and repair, loss by fire and ordinary wear excepted, and will return the keys therefor to Lessor at the place of payment of rent. If Lessee retains possession of the Premises or any part thereof after the termination of the term by lapse of time or otherwise, then such holding over constitutes creation of a month to month tenancy, upon the terms of the lease, terminable by either party upon notice to the other party, prior to the beginning of the month next succeeding the date of the notice. Lessee shall also pay to Lessor all damages sustained by Lessor resulting from retention of possession by Lessee. The provisions of this paragraph shall not constitute a waiver by Lessor of any right of re-entry as hereinafter set forth; nor shall receipt of any rent or any other act in apparent affirmance of tenancy operate as a waiver of the right to terminate this lease for a breach of any of the covenants herein."

On August 27, 1986, shortly after Dr. Prasuhn's death, plaintiff served notice to terminate, requiring defendant to vacate the premises by October 1, 1986.

On September 26, 1986, defendant and Mary Prasuhn, Dr. Prasuhn's executor, filed a declaratory judgment against plaintiff in the chancery division of the circuit court of Cook County, claiming that plaintiff's notice to vacate violated an oral agreement between plaintiff's attorney and Dr. Prasuhn that defendant would be given a reasonable time to relocate and move before being required to yield possession. Defendant also sought in the same suit to enjoin plaintiff from instituting a forcible detainer action.

On or about September 30, 1986, defendant received a "Statement of Rent Due" for October 1986, which it promptly paid and which payment was accepted by plaintiff's agent.

On October 2, 1986, plaintiff filed a forcible detainer action in circuit court, and, on November 5, 1986, she filed a motion for summary judgment thereon.

On November 13, 1986, defendant moved in the forcible action, pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), to dismiss the forcible detainer suit or to consolidate it with defendant's chancery action.

On December 3, 1986, the trial judge denied both defendant's motion to dismiss or consolidate and plaintiff's motion for summary judgment, required defendant to respond to the complaint within seven days, ordered that discovery be completed by December 31, 1986, and set the case for trial on January 7, 1987.

On December 12, 1986, defendant filed a second motion to consolidate before another judge in the law division of the circuit court. That motion was continued until January 8, 1987, one day after the then scheduled trial date in the forcible detainer action.

During December, plaintiff brought an emergency motion to compel, and an order was entered regulating, discovery. In response to defendant's motion to compel, and its emergency motion to extend, discovery, the trial court set a new trial date of February 2, 1987. By agreement of the parties, defendant's motion to consolidate was continued until after the rescheduled trial date.

On December 15, 1986, defendant filed its answer and affirmative defenses and counterclaim in the forcible detainer action. In its affirmative defenses, defendant alleged an oral modification to the written lease allowing it a reasonable time to relocate and, in its counterclaim, it sought damages for having to defend itself in the forcible proceeding. On January 2, 1987, the trial court granted plaintiff's motion to strike defendant's affirmative defenses and counterclaim, in which she claimed that the alleged oral agreement for reasonable time to vacate was unenforceable under the parol evidence rule and was

unsupported by consideration. (A transcript of that hearing is not included in the record on appeal.) Also on January 2, 1987, defendant filed a motion for summary judgment, arguing that plaintiff's acceptance of rent after the notice to quit constituted a waiver of her right to possession.

On January 8, 1987, plaintiff filed a revised motion for summary judgment, arguing that all the admissible facts in evidence established that she was entitled to possession. Plaintiff also specifically denied making any agreements "external" to the lease. On January 9, 1986, defendant filed its amended affirmative defenses, in which it alleged that Dr. Prasuhn relied on the representations of plaintiff's attorney that defendant would have a reasonable time to relocate and that plaintiff was therefore estopped "from sending a notice of termination or filing a forcible entry and detainer action until a reasonable time necessary for the Hospital to relocate has passed." Plaintiff moved to strike and dismiss defendant's amended affirmative defenses.

On January 26, 1987, the trial judge granted plaintiff's motion to strike and dismiss defendant's amended affirmative defenses, finding as a matter of law that there was no consideration supporting the alleged oral modification to the lease, granted plaintiff's revised motion for summary judgment and denied defendant's motion for summary judgment. The judge then stayed the judgment for possession in favor of plaintiff until such time as the judge presiding over the still pending chancery action could determine any "equitable issues" that may have existed. On March 24, 1987, the trial judge denied defendant's motion for reconsideration.

On March 25, 1987, the judge sitting in chancery dismissed defendant's action, stating in the order "that the complaint should be dismissed with prejudice based on issue preclusion because the allegations of the complaint that are the predicate for the substantive relief sought have already been stricken and dismissed *** in *Fitzgerald v. Lake Shore Animal Hospital* 86 M1 736961 and because the other elements of issue preclusion are present." (A transcript of that hearing is not included in the record on appeal.)

On April 10, 1987, the parties entered into an agreed order in which defendant was given until August 1, 1987, to vacate the premises in return for its wavier of its right to appeal any judgment or order entered in the litigation except for "issues arising or orders entered with respect to plaintiff's attorneys' fees." On June 11, 1987, the trial judge awarded plaintiff attorney fees in the amount of $25,000 and costs of $1,836.94, pursuant to paragraph 15 of the lease,

which provides as follows:

> "Lessee shall pay upon demand all Lessor's costs, charges and expenses, including fees of attorneys, agents and other retained by lessor, incurred in enforcing any of the obligations of Lessee under this lease or in any litigation, negotiation or transaction in which Lessor shall, without Lessor's fault, become involved through or on account of this lease."

Plaintiff had sought attorney fees in the amount of $50,029.94. Defendant appeals the award of attorney fees, and plaintiff cross-appeals the denial of the balance of her attorney fees.

OPINION

Although acknowledging its waiver of its right to appeal all issues other than those arising from the award of attorney fees, defendant argues that the trial court erred in denying its motion to dismiss or consolidate, in rejecting its argument that plaintiff's acceptance of the October 1986 rent constituted a waiver of her right to possession, and in ruling that the alleged oral modification was unenforceable. Defendant contends that, had the trial court not so erred, it would have considered "many important equitable factors" and ruled in defendant's favor and defendant would not then be liable for plaintiff's attorney fees; thus, these issues all "arise" from the award of attorney fees. Plaintiff responds that defendant has waived these issues and cannot raise them before this court.

■ As previously noted, defendant voluntarily waived its right to appeal from the rulings it now claims are necessary for us to consider in order that we might appreciate how the errors alleged to have been committed by the trial court needlessly required plaintiff's attorneys to expend inordinate amounts of time and effort into this matter—at defendant's expense, as it turns out. But we decline to render what would amount to an advisory opinion by reviewing obliquely those issues that defendant precluded itself from raising directly. Accordingly, the only issue before this court is whether the award of attorney fees and costs was unreasonable without regard to defendant's assertions of the trial court's oversights.

■ Defendant first argues that it should not be responsible for plaintiff's attorney fees because a condition precedent to the tenant's liability for such fees is that the landlord shall be "without fault." In so arguing, defendant ignores the judge's statement that this contention was "misguided" and that his clear ruling was that he was basing the imposition of fees pursuant to the provisions of the first part of paragraph 15, set forth above, which render the tenant liable when

the fees are "incurred in enforcing any of the obligations of Lessee under this lease."

Defendant also contends that the $25,000 award is "grossly excessive in the circumstances and a harsh miscarriage of justice." It maintains that plaintiff could have avoided many of the fees by simply serving a second and proper notice to quit. It also asserts that much of the time claimed by plaintiff's counsel reflects duplication of attorney time and talent, and that there was no need for senior partners to handle this case.

By letter dated December 16, 1986, counsel for defendant notified plaintiff's attorney, Martin Gross, of their intention to call him as a witness at trial, which was then scheduled for January 7, 1987. The status of the case on December 16 was as follows: the accelerated discovery schedule was to expire on December 31, 1986, discovery requests were pending, plaintiff's motion to strike and dismiss defendant's affirmative defenses and counterclaims was scheduled for hearing on January 2, 1987, and defendant's second motion to consolidate was set for hearing on January 8, 1987. Upon receiving the notice, plaintiff contacted Peter Sonderby of Chadwell & Kayser, Ltd. to represent her, and from that point forward, both Martin's and Sonderby's firms appeared for plaintiff, sending attorneys from both firms to depositions, hearings and court calls, and billing for a number of conferences with one another. Additionally, Gross' firm, Martin, Craig, prepared motions and memoranda, and Sonderby argued those motions. Defendant maintains that Martin, Craig should have withdrawn after contacting Sonderby. It also asserts that much of the conference time is noncompensable, because the business transacted at those conferences is not specifically documented.

Plaintiff responds that the litigation resulted from defendant's deliberate strategy to delay its relocation and that the amount of her attorney fees is a result of that tactic. She notes that defendant at no time contested her ultimate right to possession of the premises, nor did it raise its waiver defense until January 1987. Plaintiff further asserts that she cannot be denied her fees incurred in enforcing her rights under the lease. She claims that Martin, Craig had no obligation to withdraw until such time as it became clear that Gross' testimony would be prejudicial to her (107 Ill. 2d R. 5—102(b)); that Martin, Craig acted reasonably in not withdrawing, because they were familiar with the case and therefore should not have recused themselves unless it became absolutely necessary; and that it was necessary to share responsibility for the case with Sonderby in order to prepare him adequately in case he had to handle the trial. She con-

tends that no duplication occurred or was charged as part of her petition, and, although the issues in the case were not complex, much time and effort was needed in order to prevail.

During a lengthy hearing on plaintiff's petition for attorney fees, the trial judge reviewed her attorneys' billings and reduced the amount of time charged when he felt it was excessive. The court stated:

> "I think when it comes down to at some point Mr. Sonderby, as capable as he is, should have been able to handle it.
>
> * * *
>
> I think at some point there's got to be a cutoff date for work of [the Martin, Craig] firm.
>
> * * *
>
> *** [A]s I stated before[,] the reasonableness of this whole thing is the ultimate issue, no matter how much time you spent. I've got to say by virtue of the cases that I read, the seriousness of the issue, there's no question but that you spent the money that you did, and certainly you're entitled to get reimbursed for those expenditures. I think that predicated upon what I find, and this is as probably a wild a guess I can take, I certainly think that I can see nothing wrong with Mr. Sonderby's time; and I look at it—I think all in all, the totalities in this case, reasonable fees would be $25,000; and that's what I'm going to order, plus costs."

▋▋ A trial court's determination of reasonable attorney fees and costs will not be disturbed on review absent a showing of abuse of discretion. (*Arcadia Upholstering, Inc. v. 165 Restaurant, Inc.* (1987), 163 Ill. App. 3d 129, 516 N.E.2d 523.) The party seeking the fees bears the burden of presenting sufficient evidence from which the trial judge can render a decision as to their reasonableness. (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983, 518 N.E.2d 424.) A petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. (*Kaiser*, 164 Ill. App. 3d 978.)

> "Once presented with these facts, the trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and the work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client [citation], and whether there is a reasonable connec-

tion between the fees and the amount involved in the litigation." *Kaiser*, 164 Ill. App. 3d at 984.

■■ Applying these factors to the instant case, we find that $26,836.94 is an unreasonable award. As the trial judge commented at the hearing to set attorney fees, this was not a complicated case. The parties are in agreement that plaintiff's right to possession was never at issue and that the dispute was purely and simply over when defendant would vacate the premises, an issue neither novel nor difficult, nor one requiring any extraordinarily skilled legal talent. Although there were a number of motions and court appearances made in the trial court, no legal research and minimal preparation time was needed for many of these, *e.g.*, two identical motions to consolidate were argued, and plaintiff's motion to strike defendant's affirmative defenses and her motion to strike defendant's amended affirmative defenses addressed the same claim, namely, that there had been an oral modification to the written lease. More important, the usual and customary charge for a simple eviction case surely must be far less than the fee that was awarded here, to say nothing of the one demanded, despite its crescendo into what appears to have become a career for the attorneys on both sides.

The trial judge did not make clear what billings he was striking as duplicitous or unnecessary; rather, it is quite apparent that, although he characterized it as a "wild guess," the judge's resolution was nothing short of Solomonic—he clove the baby in two. No matter: whether a "wild guess" or Solomonic, such a ruling, in light of the facts of this case, is an abuse of discretion. Without a full, complete and detailed hearing on this matter, and without a ruling on each billing entry, taking into careful consideration the elements delineated in *Kaiser* and keeping in mind that the plaintiff is the burdened party, there can be no way of determining what a reasonable fee might be in this case. We note also that defendant has not suggested what it considers to be a reasonable award under the circumstances of this case. Accordingly, for all of the reasons expressed herein, the judgment of the circuit court of Cook County is reversed, and this cause is remanded for a hearing on plaintiff's petition for attorney fees consistent with the views expressed in this opinion.

Reversed and remanded.

BILANDIC, P.J., and HARTMAN, J., concur.