HARRIS TRUST AND SAVINGS BANK, Plaintiff-Appellee, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, *et al.*, Defendants (George B. Koeckritz *et al.*, Defendants-Appellants).

First District (3rd Division)   No. 1—90—2379

Opinion filed June 3, 1992.

GREIMAN, P.J., dissenting.

Ashcraft & Ashcraft, Ltd., of Chicago (Timothy J. McGonegle and Cynthia A. Manestar, of counsel), for appellants.

James E. Spiotto, Ann Acker, and Michael T. Benz, all of Chapman & Cutler, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Harris Trust and Savings Bank (Harris Bank) brought this action to foreclose on a mortgage and to recover unpaid principal and interest owed on certain demand and promissory notes and guarantees against American National Bank and Trust Company of Chicago, as trustee u/t/a No. 65940 (American National Bank), George B. Koeckritz, Koeckritz International, Inc. (Koeckritz, Inc.), registrar of titles of Cook County, Illinois, United States of America, Baler Software Corporation, and other unknown owners and nonrecord claimants. American National Bank, registrar of titles of Cook County, Illinois, the United States of America and Baler Software Corporation are not parties to this appeal. The parties stipulated to a dismissal of the underlying action. The trial court, however, reserved jurisdiction to determine the amount of attorney fees and related costs that Harris Bank had incurred pursuant to an attorney fee provision in the loan and guaranty agreements executed by the parties. Following a hearing, the trial court entered an order granting Harris Bank's mo-

tion for approval of its petition for attorney fees and related costs, and entered judgment in favor of Harris Bank and against Koeckritz and Koeckritz, Inc., in the amount of $20,459.85. On appeal, Koeckritz and Koeckritz, Inc., contend that (1) Harris Bank's fee petition is inadequate to support an award of attorney fees and related costs; (2) the trial court failed to make a proper evidentiary determination of the reasonableness of Harris Bank's fee petition; (3) the trial court abused its discretion when it ruled that the award of fees totalling $17,080 was reasonable; and (4) the trial court abused its discretion when it ruled that the award of related costs totalling $3,379.85 was reasonable. We affirm in part, reverse in part, and remand.

In February 1985, Koeckritz executed a demand note payable to the order of Harris Bank in the principal amount of $318,354. In a separate agreement, Koeckritz, Inc., guaranteed repayment of the note. In November 1985, Koeckritz created a trust, naming American National Bank as trustee, and reserving to himself 100% of the beneficial interest in and power of direction over the trust. In December 1985, Koeckritz purchased an industrial development bond in the principal amount of $1.25 million and executed a promissory note in that amount to Harris Bank evidencing the indebtedness. To secure the obligations under the loan agreement and promissory note, Koeckritz and American National Bank granted a mortgage to Harris Bank in certain real and personal property owned legally or beneficially by Koeckritz. Koeckritz, Inc., again executed a separate agreement guaranteeing payment of amounts due on the bond and under the loan agreement. The loan and guaranty agreements each contained a provision providing that Koeckritz and Koeckritz, Inc., would be obligated to pay reasonable attorney fees and related costs incurred by Harris Bank in the event of default under the notes, mortgage or loan guarantees.

In September 1989, Koeckritz and American National Bank missed several principal and interest payments due under the demand note, promissory note and loan agreement. Harris Bank demanded payment from Koeckritz, Inc., pursuant to its guarantees, but payment was never received. Koeckritz, Koeckritz, Inc., and American National Bank were subsequently deemed to be in default.

On March 28, 1990, Harris Bank filed a complaint in the circuit court seeking to foreclose on secured property held by American National Bank, to enforce an assignment of rents encumbering the secured property, to recover for breach of the loan agreement, demand note and promissory note executed by Koeckritz and American National Bank, and for breach of the guaranty agreements executed by

Koeckritz, Inc. On June 18, 1990, the trial court entered an order dismissing the underlying action, but reserved jurisdiction to determine the amount of attorney fees and related costs incurred by Harris Bank due under the attorney fee provision.

On July 9, 1990, Harris Bank filed its motion for approval of attorney fees and related costs. On August 6, 1990, following a hearing on Harris Bank's motion and fee petition, the trial court granted Harris Bank's motion and entered judgment in favor of Harris Bank and against Koeckritz and Koeckritz, Inc., in the amount of $20,459.85. This appeal followed.

Koeckritz and Koeckritz, Inc., contend that Harris Bank's fee petition is inadequate to support an award of attorney fees and related costs. Koeckritz and Koeckritz, Inc., relying upon *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424, argue that Harris Bank's fee petition impermissibly lists each attorney's time as an aggregate total for each day, fails to set forth any information concerning the skills and standing of the attorneys performing the services, inadequately describes the legal services performed in connection with the underlying action, fails to substantiate computer research charges, and fails to establish the existence of a policy of billing ordinary costs directly to clients, or in the alternative, to show that the fees charged are lower than those charged in the community for the same services.

■■ ■ It is well established that a party seeking to recover attorney fees from another party bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. (*Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1064, 563 N.E.2d 977, 980; *Corkill Electric Co. v. City of Chicago* (1990), 196 Ill. App. 3d 838, 850, 554 N.E.2d 1027, 1034-35.) A petition for fees must present the court with detailed records containing facts and computations upon which the charges are predicated specifying the services performed, by whom they were performed, the time expended and the hourly rate charged. (*Mercado v. Calumet Federal Savings & Loan Ass'n* (1990), 196 Ill. App. 3d 483, 493, 554 N.E.2d 305, 312.) Once presented with this information, the trial court should consider a variety of other factors, including the skill and standing of the attorneys employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation. (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 927, 568 N.E.2d 503, 507-08.) Once

the trial court makes a determination as to the reasonableness of attorney fees and related costs, that determination will not be disturbed absent an abuse of discretion. *Johns v. Klecan* (1990), 198 Ill. App. 3d 1013, 1018-19, 556 N.E.2d 689, 692.

■ Our review of the record reveals that Harris Bank's fee petition is adequately specific to support the trial court's award of attorney fees and related costs. Harris Bank's fee petition, accompanied by detailed records maintained during the course of the litigation, provides a full and particular accounting of all work completed on the matter, including a concise explanation of the nature of the task and parties involved, the attorneys working on the matter, the amount of time expended, and the hourly rate charged. In addition, the related costs are broken down into various subcategories, including photocopying, word processing, messenger service fees, filing fees, binding fees, title report fees and process serving fees. Recent cases which have ruled that the petition for attorney fees was inadequate are all distinguishable from the present case. (See *Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 563 N.E.2d 977; *Mercado v. Calumet Federal Savings & Loan Ass'n* (1990), 196 Ill. App. 3d 483, 554 N.E.2d 305.) We, therefore, conclude that Harris Bank's fee petition is sufficient to support the trial court's award of attorney fees and related costs.

Koeckritz and Koeckritz, Inc., next contend that the trial court failed to make a proper evidentiary determination of the reasonableness of Harris Bank's fee petition. We disagree.

At the hearing on Harris Bank's fee petition, Harris Bank's counsel, Michael Benz of Chapman & Cutler, stated that he personally had expended all but 7.7 hours sought in the petition and that he would be willing to answer any questions about the legal services performed on the matter. Koeckritz and Koeckritz, Inc.'s counsel, Ashcraft & Ashcraft (Ashcraft), argued that Harris Bank failed to meet its burden of reasonableness in its petition, that Harris Bank failed to provide the court with sufficient information upon which to make a determination as to the reasonableness of the petition, and that the amount of fees sought in the petition was unreasonable. Ashcraft, however, failed to present any affidavits or witnesses to support their argument that the fees sought in the petition were excessive, duplicative, or unreasonable, or any evidence about what a reasonable legal fee should be for this note default and mortgage foreclosure action. In its ruling, the trial court stated:

> "As I indicated when we commenced, I have had the opportunity to view the motion for fees, the response, and the reply.

The motion for fees supplies the Court with a detailed analysis of the time spent, the assignment performed, and who did the various—who did the work.

I am satisfied that this complaint—this analysis, this break out of fees, is fair, reasonable, and does sufficiently inform both the Court and opposing counsel as to exactly what it is that [Harris Bank's] attorneys were doing when they are billing various and sundry hours on given days.

This Court I think can take judicial notice that the firm of Chapman & Cutler is a well-regarded law firm on the street. Its attorneys are frequently in Chancery.

I have had frequent occasion to have cases with Chapman & Cutler. I am not certain I have had cases with the attorneys assigned to this case, but I am satisfied that the rate upon which Chapman & Cutler bills their efforts is a reasonable rate given the realities of legal fees on the street today.

For all of these reasons, I find that the petition is adequate and sufficient. For that reason, the petition is granted."

■ Our review of the record reveals that both parties were afforded the opportunity to argue and present evidence in support of their positions. Any failure to elicit testimony at the hearing, including the failure to present countervailing evidence, was not due to an error of the trial court.

■ We acknowledge that the trial court improperly took judicial notice that Chapman & Cutler is a well-regarded law firm in Chicago. A court may take judicial notice of matters of common knowledge, or of facts which, while not generally known, are easily verifiable. (See *Roberts v. Sisters of St. Francis Health Services, Inc.* (1990), 198 Ill. App. 3d 891, 901, 556 N.E.2d 662, 669; *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 394, 469 N.E.2d 1085, 1090.) While it may be true that Chapman & Cutler is a well-regarded law firm in Chicago, it is not a matter upon which judicial notice can be taken.

■ The trial court, however, may base its determination of the skill and standing of the attorney performing legal services on personal observations of the attorney in the underlying matter and its experience with other attorneys of the law firm. (See *Kaiser*, 164 Ill. App. 3d at 989, 518 N.E.2d at 431; *In re Estate of Settle* (1981), 97 Ill. App. 3d 552, 555-56, 422 N.E.2d 1008, 1011.) In the present case, the trial court was able to observe and assess the quality and nature of the legal services rendered by Benz in the underlying matter. It is plain that the trial court's reference to judicial notice was merely a comment about the standing of Chapman & Cutler in the legal com-

munity rather than a basis for its ruling. We, therefore, conclude that the trial court made a proper evidentiary determination of the reasonableness of Harris Bank's fee petition.

Koeckritz and Koeckritz, Inc., next argue that the trial court abused its discretion when it ruled that the award of attorney fees totalling $17,080 was reasonable.

■ Koeckritz and Koeckritz, Inc., contend that the attorney fees awarded by the trial court are excessive in light of the extremely short duration of the underlying action and because the issues involved in the matter were not difficult or complex. While it is true that the duration of the lawsuit spanned less than three months, Koeckritz and Koeckritz, Inc.'s characterization of the matter as merely a simple mortgage foreclosure and breach of contract action is incorrect. The underlying matter involved the foreclosure of a mortgage issued pursuant to a $1.25 million industrial development revenue bond transaction and recovery for the breach of a demand note, promissory note and a guaranty of repayment agreement. Accordingly, Koeckritz and Koeckritz, Inc.'s contention is without merit.

Koeckritz and Koeckritz, Inc., next contend that various entries contained in the fee petition are unreasonable and should have been disallowed by the trial court because the legal services performed in those entries were unnecessary, duplicative or the result of inefficient work efforts.

In the hearing, Ashcraft had ample opportunity to cross-examine Benz and to present countervailing evidence to prove that Harris Bank spent an unreasonable amount of time on legal research and for revision of the original complaint. We will not provide a *de novo* review of the petition to allow Ashcraft a second opportunity to disprove the reasonableness of the fee petition. Our review will be confined to determining whether the trial court abused its discretion when it ruled that the award of attorney fees was reasonable.

Koeckritz and Koeckritz, Inc., contend that legal services performed for the preparation of an amended complaint that was completed but not filed before the case was settled are unreasonable and should have been disallowed by the trial court. Koeckritz and Koeckritz, Inc., argue that the trial court should have made its determination of reasonableness in hindsight rather than at the time the services were performed in light of the dismissal of the underlying matter. The test for determining the reasonableness of attorney fees incurred in a matter must be whether a reasonable attorney, based on the totality of the facts and circumstances known and available to him, should have performed the legal services at the time the services

were performed in order to discharge his ethical obligations under the Illinois Code of Professional Responsibility. Our review of the record reveals that there are no facts to indicate that a reasonable attorney would not have prepared the amended complaint in this matter. Accordingly, Koeckritz and Koeckritz Inc.'s contention is without merit.

Koeckritz and Koeckritz, Inc., argue that the entries in the petition labelled "attention to delivery, attention to organization of file, attention to binding and personally attend to filing of complaint" are unreasonable and should have been disallowed by the trial court on the basis that Benz's personal attention to these matters resulted in the inefficient use of an attorney's time and efforts. The fee petition clearly shows that Benz did not personally deliver these letters, bind the documents or file the complaint. Rather, the record demonstrates that Benz was merely discharging his ethical obligations by acting in a supervisory capacity over these tasks as required by the Illinois Code of Professional Responsibility. 134 Ill. 2d Canon 3; R. 3—101.

Finally, Koeckritz and Koeckritz, Inc., contend that several entries involving interoffice conferences, memoranda, and review of work product with the supervising partners are duplicative and should have been disallowed. The only entry cited by Koeckritz and Koeckritz, Inc., to illustrate this duplication, however, involved a 12-minute conference between Benz and his supervising partner for review of a court hearing memorandum. We cannot conclude that this entry involved an unreasonable duplication of attorney services.

The trial court is in a much better situation, based on its familiarity with this action and other foreclosure and breach of contract actions, to determine the reasonableness of the fee petition here. Based on the record before us, we are unable to conclude that the trial court abused its discretion when it ruled that the award of attorney fees totalling $17,080 was reasonable.

■ We next consider the costs totalling $3,379.85. In *Kaiser* (164 Ill. App. 3d at 989, 518 N.E.2d at 431), the court held that ordinary office expenses, including photocopying, check processing, legal newspaper subscriptions, telephone and delivery services and other similar expenses, are general overhead office expenses which are incorporated into the hourly attorney fee charged to the client and, accordingly, cannot be separately itemized and charged as costs in an action for attorney fees. We agree with the *Kaiser* court that these overhead expenses cannot be separately itemized and charged to a party in a petition for attorney fees and costs. We, therefore, conclude that Harris Bank should not recover the costs of photocopying, word processing, telecopier and computer research (*i.e.*, Westlaw) charges it

sought in its petition for attorney fees and costs. We do, however, agree that expenses Harris Bank incurred or paid to third-parties for velobinding, messenger service fees, filing fees, special process server fees, and title report fees are recoverable costs. Thus, the order awarding costs should be modified.

■ Finally, Harris Bank contends that it is entitled to attorney fees and costs incurred in this appeal. After reviewing the record and the merits of this appeal, we conclude that plaintiff is not entitled to attorney fees and costs incurred in this appeal, except those costs that are allowed to be taxed by supreme court rule for appeals generally.

Accordingly, the judgment of the circuit court is affirmed in part, reversed in part, and remanded for the entry of such orders as the trial court may deem proper in accordance with what is stated herein.

Affirmed in part; reversed in part and remanded.

TULLY, J., concurs.

PRESIDING JUSTICE GREIMAN, dissenting:

The majority finds that Harris Bank's fee petition is sufficiently specific to support the trial court's award of attorney fees and further reaches the conclusion that the trial court made a proper evidentiary determination of the reasonableness of the fee petition.

I believe that Harris Bank's fee petition is insufficient and thus a determination of the reasonableness of the fees requested could not properly be reached.

A fee petition "must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 984, 518 N.E.2d 424, citing *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019, and *Ealy v. Peddy* (1985), 138 Ill. App. 3d 397, 485 N.E.2d 1182.) In a case involving legal fees accrued in a dissolution of marriage proceeding, the *Ealy* court held that the fee petitioners "should be required to produce detailed facts and computations upon which the claimed fees are predicated." (*Ealy*, 138 Ill. App. 3d at 400.) Referring to an attorney prosecuting a class action case, the Illinois Supreme Court found that "[b]ecause of the importance of the time element, it is incumbent upon the attorney to keep detailed time records during the course of the litigation." *Fiorito*, 72 Ill. 2d at 88.

In *Kaiser*, where the defendant lessor sought costs and attorney fees from the plaintiff lessee pursuant to a provision in their commercial lease agreement, the court disallowed a portion of the attorney fees because the time records were too vague and general. *Kaiser*, 164 Ill. App. 3d at 986.

This court specifically recognized that under the rule established in *Kaiser* "no recovery of reasonable hourly fees is allowed pursuant to a contract unless the attorneys present detailed time records." (*Johns v. Klecan* (1990), 198 Ill. App. 3d 1013, 1019, 556 N.E.2d 689.) In *Johns*, this court expressly found that contingent fee attorneys are not required to account for their time with the same specificity and exactitude of hourly fee attorneys. (*Johns*, 198 Ill. App. 3d at 1019.) The *Johns* case concerned a personal injury action where attorneys were hired pursuant to a contingency fee contract. Accordingly, in *Johns*, we found that *Kaiser* was "inapposite because it did not involve either a contingent fee arrangement or a request for a *quantum meruit* recovery of fees in a contingent fee setting." (*Johns*, 198 Ill. App. 3d at 1023.) *Johns* specifically held that an attorney working on a contingency basis is not required to present evidence as detailed as that required in *Kaiser*. *Johns*, 198 Ill. App. 3d at 1024.

Consequently, I believe that the contingency fee cases cited by the majority (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 568 N.E.2d 503 (the trial court did not abuse its discretion in awarding the contingency fee amount as reasonable attorney fees); *Johns*, 198 Ill. App. 3d 1013, 556 N.E.2d 689) are inapposite. Instead, the more exacting *Kaiser* standard of proof applies in the present case because the fee petitioners seek an award pursuant to an attorney fee provision in loan and guaranty agreements executed by the parties.

Applying the *Kaiser* standard, this court denied attorney fees and costs which were based on a provision in a construction contract when the plaintiff failed to provide an adequate basis in his petition on which to predicate a fee award. (*Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 563 N.E.2d 977.) In *Mars*, this court found the fee petition inadequate because it aggregated all the work performed within a given month into a single hourly total for that month and reasoned that "*Kaiser* held that it is impossible to determine exactly what amount of time was expended on each task when the time for all work performed by an attorney on a given day has been aggregated into a single hourly total for that day." *Mars*, 205 Ill. App. 3d at 1065.

The case at bar presents the same defect as stated in *Mars*, *i.e.*, aggregate amounts of time listed for an attorney. The itemized bill submitted by Harris Bank covers a five-month period from February to June 1990. The bill contains numerous entries which combine multiple tasks into a single time total for one day.

For example, on March 15, 1990, the entry provides the name of counsel and indicates a draft of the complaint was completed, a conference regarding litigation strategy and another conference in connection with payments were held, and a memorandum for other attorneys was prepared. On that date there is a notation of 5.8 hours having been spent with no breakdown between the four items noted.

Similar combinations of services performed in 1990 are set out as follows: three hours on March 7, March 9, March 13, March 20, and April 23; 2.5 hours on March 2, March 6, March 19, and April 24; 4.3 hours on April 25; and 4.5 hours on March 12.

On March 27, 1990, there is an item which suggests that the attorney spent seven hours to "finalize verified complaint," "attention to binding of same," "conferences," and "research." Certainly a defendant who is called upon to pay the attorney fees of another is entitled to know how much time was expended on "finalizing the complaint" or "attention to binding of same."

On March 28, 1990, counsel notes that he spent five hours to "personally attend to filing of complaint, Lis Pendens and accompanying documents; conference with court clerk re: motion for appointment of special process server."

Therefore, on March 28, 1990, counsel picked up the documents, carried them from 111 West Monroe Street in Chicago, the offices of Chapman & Cutler, to the Daley Center, where the court clerk's office is located, stood in line and filed the complaint. Perhaps he was then required to go to the recorder's office which is located in the Cook County building across the street from the Daley Center and file the *lis pendens* notice.

Thereafter, it appears he had a conference with the court clerk concerning the appointment of a special process server. It would seem appropriate that a defendant ought to be told whether counsel spent most of his five hours walking the two blocks from Monroe Street to Washington Street in Chicago or sitting with a court clerk to discuss a perfunctory motion for the appointment of a special process server.

The actual time spent on each task cannot be determined. Such entries do not satisfy the standard of proof enunciated in *Kaiser* and *Mars*.

Without sufficiently detailed data, the reasonableness of the requested fees cannot be ascertained. The burden of providing the trial court with sufficient evidence of the reasonableness of the fees always rests with the party seeking an award of attorney fees. *Mars*, 205 Ill. App. 3d at 1064; *Corkill Electric Co. v. City of Chicago* (1990), 196 Ill. App. 3d 838, 554 N.E.2d 1027 (the complaining party waived any claim that the fee award was unreasonable by failing to object).

Moreover, reasonableness of a charge cannot be determined on the basis of conjecture or on the opinion or conclusions of the attorney seeking fees. *Kaiser*, 164 Ill. App. 3d at 984.

To determine the reasonableness of attorney fees, a thorough and conscientious hearing must be conducted. "Without a full, complete and detailed hearing on this matter [the reasonableness of a fee award], and without a ruling on each billing entry, taking into careful consideration the elements delineated in *Kaiser* and keeping in mind that the plaintiff is the burdened party, there can be no way of determining what a reasonable fee might be in this case." *Fitzgerald v. Lake Shore Animal Hospital, Inc.* (1989), 183 Ill. App. 3d 655, 662, 539 N.E.2d 311 (the cause was remanded for another hearing on the plaintiff's petition for attorney fees).

For these reasons, I would return this matter to the trial court to allow plaintiff to amend its petition and for a new hearing.