400 CONDOMINIUM ASSOCIATION, Counterplaintiff-Appellee and Cross-Appellant, v. LILLIAN M. WRIGHT, Counterdefendant-Appellant and Cross-Appellee (Talman Home Federal Savings and Loan Association, Successor in interest to the Talman Home Federal Savings and Loan Association of Chicago, *et al.*, Counterdefendants).

First District (3rd Division) No. 1—90—2959

Opinion filed December 30, 1992.

Michael Anthony Lowe, of Chicago, for appellant.

John R. Doyle and Paul L. Langer, both of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Counterdefendant Talman Home Federal Savings & Loan Association (Talman) initially brought this action against counterdefendant Lillian M. Wright to foreclose on certain mortgages held by Talman on two condominiums located at 400 East Randolph Street, Chicago, Illinois (400 East Randolph). Counterplaintiff, 400 Condominium Asso-

ciation (Association), the governing body of 400 East Randolph, joined in this action to collect monthly condominium assessments, common expenses and late fees allegedly owed by Wright. Talman was subsequently dismissed from the action.

Following a bench trial, the trial court entered judgment in favor of Association and against Wright in the amount of $7,754.89, and awarded attorney fees to Association pursuant to Association's declaration of condominium ownership in the amount of $8,000. Wright appeals from the judgment and Association cross-appeals. On appeal, Wright contends that (1) the trial court's rejection of her affirmative defense of tender is contrary to the manifest weight of the evidence; (2) the judgment entered in favor of Association and against Wright is contrary to the manifest weight of the evidence; and (3) the trial court erred when it awarded attorney fees. On cross-appeal, Association contends that the trial court abused its discretion when it awarded attorney fees in the amount of $8,000 when it sought $24,164.21 in its fee petition. We affirm.

Wright's first contention on appeal is that the trial court's rejection of her affirmative defense of tender is contrary to the manifest weight of the evidence. We disagree.

■■ Wright first argues that she is relieved of her obligation to pay any condominium assessments after Association's attorneys refused to accept her tender of partial payment of the outstanding balance owed to Association. While tender of an entire outstanding amount owed to a creditor, including interest and other costs, is an affirmative defense to the satisfaction of pecuniary obligations, Wright's tender here of less than the entire amount owed to Association is nugatory and ineffective as a tender. (See *Daiwa Bank, Ltd. v. La Salle National Trust, N.A.* (1992), 229 Ill. App. 3d 366, 374, 593 N.E.2d 105, 109-10.) Wright further argues that the record contains uncontroverted evidence that she tendered payment of her condominium assessments to Association on numerous occasions and that Association's rejection of her proper tenders mandates entry of judgment in her favor. The record, however, is replete with evidence contradicting Wright's claims that she tendered payment of her condominium assessments to Association. We, therefore, conclude that the trial court's rejection of Wright's tender defense is not contrary to the manifest weight of the evidence.

■■ Wright's second contention is that the judgment entered in favor of Association and against Wright is not supported by the record. The record, however, demonstrates that the trial court properly awarded the disputed charges in favor of Association. We, therefore,

conclude that the judgment entered by the trial court in favor of Association and against Wright in the amount of $7,754.89 is not contrary to the manifest weight of the evidence.

██ The next issue we address involves Wright's final contention and the contention made by Association in its cross-appeal. The issue relates to whether the trial court erred when it awarded attorney fees to Association in the amount of $8,000. It is well established that attorney fee provisions in contracts will be enforced so long as they are reasonable. (*Kaiser v. M E P C American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983, 518 N.E.2d 424, 427.) The factors to be considered when determining the reasonableness of attorney fees include the skill and standing of the attorneys employed, the nature of the controversy, the novelty and difficulty of the questions at issue, the usual and customary charge in the community for the same or similar services and whether there is a reasonable connection between the fees charged and the litigation. (*Harris Trust & Savings Bank v. American National Bank & Trust Co.* (1992), 230 Ill. App. 3d 591, 595, 594 N.E.2d 1308, 1312.) After evaluating these criteria here, we find that the trial court did not abuse its discretion when it awarded attorney fees in the present case in the amount of $8,000.

The underlying matter involves the collection of $7,754.89 of unpaid condominium assessments, $6,103.07 of the amount having been stipulated to being owed by Wright prior to trial. Association's amended fee petition, which seeks $24,164.21 in attorney fees and costs, contains 142 entries totalling 174.5 hours performed by four attorneys, two paralegals, four law clerks and a docket clerk. Following a hearing on the amended petition, the trial court stated in its ruling:

> "Through these proceedings on the fee petition, the court has observed the exorbitant time spent by counsel on his efforts to prepare an adequate petition for fees. The initial petition failed to allege all of the elements necessary to support a petition for fees. In addition, as discussed above, the exhibits presented by [Association] at trial are contradictory and incomplete. A request for fees with exhibits is not a complex task. The Court cannot understand why [Association's] evidence is imprecise. The Court thus would infer that the enormous time spent by [Association's] counsel in this case resulting in over $24,000 in attorney fees must also be due to an inadequacy in the quality of time spent. Accordingly, [Association's] prayer for over $24,000 in fees is unreasonable."

██ Association defends its request for fees, averring that "Association's attorneys were required to expend a substantial amount of

time preparing and conducting a two day trial." We fail to see, however, how a substantial amount of time could have been spent preparing for the trial in this case. Association also asserts that "Wright's habitual changing of attorneys and the attendant court appearances forced the Association to incur additional legal fees." While it is true that Wright changed attorneys five times and that Association's attorneys had 17 court appearances, no legal research and minimal preparation time were required for many or most of these appearances. (See *Fitzgerald v. Lake Shore Animal Hospital, Inc.* (1989), 183 Ill. App. 3d 655, 662, 539 N.E.2d 311, 315.) Based on the factors set forth in *Kaiser* and its progeny, we find that the trial court did not abuse its discretion when it awarded attorney fees pursuant to Association's declaration of condominium ownership in the amount of $8,000. In addition, we decline to award further attorney fees to Association for the costs of defending this appeal.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GREIMAN, P.J., and CERDA, J., concur.