**310**

### WILSON et al. v. VEAZEY et al.

Court of Appeals of District of Columbia.

Submitted November 5, 1928. Decided January 7, 1929.

Petition for Rehearing Denied January 26, 1929.

No. 4735.

E. Hilton Jackson, of Washington, D. C., for appellants.

Frank J. Hogan and Edwin L. Wilson, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from an order in the Supreme Court of the District in a probate proceeding dismissing the amended petition of appellants for the allowance of counsel fees incurred by the executor named in a paper purporting to be the last will and testament of Anne G. V. Walton, deceased, the probate of which was denied on findings by the jury that the decedent was of unsound mind and that the alleged will was procured from her by undue influence.

The sole beneficiary named in the will was decedent's nurse, Anna May Hillenbrand. Appellees, mother and brother of Mrs. Walton, filed a caveat against the probate of the alleged will. Fox and Hillenbrand, as caveatees, defended.

Appellants herein, at the trial of the issues raised by the caveat, represented Fox. Upon its termination, counsel for appellees requested the justice who had presided to tax costs against Fox and Hillenbrand. Appellants, as their counsel, contested this motion. Thereupon a memorandum was filed by the justice, containing the following recital: "A jury has found that the execution of the paper purporting to be a will was obtained by undue influence. For that reason the court is of the opinion that costs should go against the caveatees. It might have been otherwise decided had the only issue tried been that of soundness of mind." Before entry of the formal order as to costs, Fox died. The court then filed the following memorandum: "The Court decided to award costs against the executor for the reason that under the circumstances of the case as disclosed by the evidence it was thought that the executor was not entitled to be reimbursed from the estate for the expense of the litigation including counsel fee. But as the executor had died since that decision and as it is uncertain whether if a nunc pro tunc decree is made his personal representative could intervene in order to object to the allowance of costs so much of the decision as awards costs will be modified but for that reason and not from any thought that costs or expenses should be paid out of the estate." When the formal order was entered denying the petition for probate, costs were awarded the caveators against the caveatee, Hillenbrand, who noted and perfected a general appeal. Thereafter appellants filed their petition and amended petition. An answer was filed by the caveators, and the matter was disposed of on the petition and answer.

Appellants take the position that because no issue was framed specifically charging Fox with undue influence or misconduct, "the failure and neglect of the caveators to make such an issue, in effect, exonerates said Fox from all implication of fraud or misconduct unless the trial court may properly usurp the function of the jury and from a voluminous record involving a trial from March 1 to March 22, 1927, make a finding of its own." In other words, even though the evidence clearly disclosed bad faith on the part of the executor, the trial court was without power to tax the costs against him.

In their answer, caveators "aver that according to the testimony given upon the trial of the issues in this case, and the tes-

timony of the said Fox himself, he procured the drafting and supervised the execution of the said paper-writing found in this case to have been executed when the said Walton was of unsound mind and to have been procured by undue influence; that at a time when the said Walton was in the practical custody of the said Hillenbrand the said Fox pretended to enter into the employ of said Walton, who was not engaged in business of any kind, for a compensation of $50 a week to call at the said Walton's home 'and help to straighten out these affairs'; that in his testimony upon the trial of said issues the said Fox asserted a claim that he, under the direction of the said Walton, the alleged testatrix, was the only one who had anything to do with the drafting of the paper refused probate by this Court, which paper by verdict of a jury confirmed by the Court it has been judicially determined was procured by undue influence. * * * Respondents say that while it is true that the issues did not directly charge said Fox with the exercise of undue influence or fraud, * * * they assert that the evidence in the case clearly involved the said Fox and the aforesaid Hillenbrand as parties to the exercise of undue influence and, in effect, as conspirators to obtain the execution of the paper-writing set aside in this cause.''

■ In view of the findings of the trial justice, the averments of the answer, and the absence of the evidence upon which the findings were based, it must be here assumed that the trial justice was convinced that the executor had exerted undue influence in the procurement of the alleged will. In other words, that he had not acted in good faith. In such a situation, the court was justified in refusing costs and counsel fees to the executor. Tuohy v. Hanlon, 18 App. D. C. 225, 228. The trial of the issues raised by the caveat and resulting in the denial of the petition for probate had terminated, and a general appeal had been noted and perfected. It therefore became the duty of the court to assess costs.

■ On the record before us it must be assumed that the trial court properly refused costs and counsel fees to the executor. It is difficult, therefore, to perceive how counsel fees from the estate can properly be awarded appellants, who represented the executor. In other words, their rights are not superior to those of the executor whom they represented.

Judgment affirmed, with costs.

Affirmed.