A95A0714. HOLLAND v. FARMER.
(458 SE2d 175)

BIRDSONG, Presiding Judge.

Naomi C. Holland appeals the trial court's denial of her petition pursuant to OCGA § 53-3-23 to recover attorney fees and expenses from the estate of James Monroe Hamby. Holland offered for probate a will of Mr. Hamby dated April 23, 1988, in which she was named executrix; this will was drafted by Holland's husband and benefited a charitable trust which Holland and her husband had established. A caveat was filed to those probate proceedings by Robert L. Farmer, who offered a will of Mr. Hamby dated May 31, 1990. This will benefited Farmer and his son. Appellant Holland challenged that later will on the grounds of lack of testamentary capacity of Mr. Hamby and undue influence by Robert L. Farmer. After discovery and a lengthy trial resulting in a lengthy transcript, a jury returned a verdict in favor of the later will propounded by Farmer. The trial court denied Holland's attorney fee petition on grounds that Holland's efforts in propounding the 1988 will were "efforts to *defeat* a later dated last will and testament" (emphasis supplied), whereas OCGA § 53-3-23 allows recovery of attorney fees and expenses for an attorney employed to *offer* a will for probate. On motion for reconsideration, Holland contended that OCGA § 53-3-4 required her to qualify as executrix under the will known to her and in effect required her to challenge the later will.

The trial court in a second order elaborated that as early as three days after she offered the 1988 will for probate, Holland knew of a later will and that she could not qualify as executrix unless that later will was found invalid, and that "such personal interest in the probate of the 1988 will, with full knowledge of the 1990 will, precludes a finding that the petitioner was proceeding in good faith as required by OCGA § 53-3-23." *Held*:

1. The motion to dismiss this appeal is denied.

2. We cannot agree with the trial court's reasoning, but we will uphold his finding of fact on the issue of good faith because there is evidence to support it.

OCGA § 53-3-23 provides that those named as executors in purported wills of decedents shall be entitled to recover expenses from the estate including reasonable attorney fees "even if the will is subsequently determined not to be the valid will of the testator[,]" if he "proceeds in good faith." The mere fact that a propounder of an earlier will attempts to "defeat" a later will does not prove the propounder did not act in good faith, and lack of good faith is not conclusively proved by the fact that the propounder of an earlier will has a "personal interest" in it. As evidenced by the facts in *Sauls v. Avant*, 143 Ga. App. 469 (238 SE2d 564) — which notes the paucity of authority on this issue — there may be legitimate circumstances leading the propounder of an earlier will to believe, within the bounds of reason, that the later will was induced by undue influence, fraud, or mental incapacity of the testator. To rule that in every case a propounder of an earlier will undertakes to caveat a later will at her own risk would render OCGA § 53-3-23 without meaning. Any person who propounds a will under OCGA § 53-3-23 may necessarily be attempting to "defeat" another will which he or she believes to be invalid, and it may also be the case that the propounder has a "personal interest" in it. To hold that such circumstances amount to bad faith as a matter of law would prevent the fair determination of validity of competing wills.

There is evidence in this case, however, supporting the trial court's implicit conclusion that appellant Holland did not "[proceed] in good faith." This includes evidence that although she maintained that a certain handwriting expert opined that a signature on a deed was not Mr. Hamby's signature, that handwriting expert testified at trial that he had not formed or given such an opinion. Further, Mrs. Holland contended Mr. Hamby was incompetent when he made the later will, but she had seen him only once in many months before he died, when she went to his home to convince him to give power of attorney to her friend, whereas many disinterested witnesses who had known Mr. Hamby for years and who were in close daily contact with him when he died testified that when he made the later will he was in

very good mental capacity. There was other evidence to support the finding that the propounder is not entitled to attorney fees and expenses out of the estate.

The question of good faith will turn on the circumstances of each case. OCGA § 53-3-23 does not limit the discretion given the trial court to determine good faith of the propounder. "Traditionally, where a trial court is vested by statute with broad discretion, appellate courts do not disturb that exercise of discretion unless it is clearly, patently, and manifestly abused." *Resolution Trust Corp. v. Morrow Auto Center*, 216 Ga. App. 226, 229 (454 SE2d 138). To set restrictions or standards on the trial court's discretion in this determination would place additional burdens of proof on the propounder of the will found to be valid, and would thus encourage unreasonable promotion of wills with the only detriment being the impoverishment of the estate to pay the fees. The discretion in the trial court to determine the good faith of the propounder of the will is broad, and it was well exercised in this case.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 6, 1995.

*Awtrey & Parker, M. David Harrison*, for appellant.
*Peter M. Blackford, John E. Gilchrist*, for appellee.