## A96A1642. GLOVER et al. v. MARTIN.
(479 SE2d 467)

BIRDSONG, Presiding Judge.

This is an appeal of a grant of summary judgment awarding

attorney fees to the attorney for the executrix of an estate. The attorney, Lester, was retained for the estate by the executrix named in the decedent's last will and testament, appellee Alice Martin. The probate court overruled a caveat made by appellant Glover and others, but on appeal in superior court, a jury ruled against probate of the will. Attorney Lester then filed a petition in probate court to be compensated for services rendered to the estate. The probate court granted the attorney compensation for services to the estate in the total amount of $3,372. Appellant Glover appealed this award in superior court, and that court granted summary judgment to the attorney.

Appellant Glover contends the superior court erred in applying OCGA § 53-7-10 to the case instead of OCGA § 53-3-23.

OCGA § 53-7-10 provides: "An administrator or executor is authorized to provide competent legal counsel for the estate, according to the needs of the estate he represents. *Either the administrator or executor or the attorney* employed may, by petition to the judge of the probate court duly served on the other, obtain a judgment fixing the attorney's fees and expenses." (Emphasis supplied.)

Appellant contends this case is controlled by OCGA § 53-3-23, which provides: *"[E]xecutors* in purported wills of decedents shall be entitled to recover expenses [and] reasonable attorney's fees [incurred in] offering wills for probate . . . even if the will is subsequently determined not to be the valid will of the testator. However, such person shall not be entitled to recover from the estate the expenses and attorney's fees . . . unless the person proceeds in good faith." (Emphasis supplied.) Appellant thus contends OCGA § 53-3-23 does not give the right to the *attorney* to file an application for attorney fees. She further contends OCGA § 53-7-10, on which the superior court granted judgment to the attorney, is inapplicable because his petition was not "served on" "[e]ither the administrator or executor," as the case may be. The attorney rejoins that he served appellant with his petition for fees, that no one objected thereto, and that this was sufficient. Appellant contends that under our recent holding in *Holland v. Farmer*, 217 Ga. App. 546 (458 SE2d 175), the question of the attorney's good faith should be decided by a jury. *Held*:

The superior court did not err in sustaining the probate court's award of attorney fees under OCGA § 53-7-10. No *material* issue of "service" of his petition arises to prevent application of OCGA § 53-7-10. OCGA § 53-7-10 provides that the executor, administrator or *the attorney* may make such application. The issue of good faith under OCGA § 53-3-23 does not arise because the superior court held there is no evidence in the record indicating Lester acted in bad faith in representing the estate at the request of the executrix, even though

the will she propounded was not probated. Further, the superior court found that even if there were evidence the executrix exercised undue influence or otherwise acted in bad faith, there is "nothing in the record to indicate that [attorney] Lester had either actual or constructive notice of any such undue influence. In the absence of any evidence of such notice, any bad faith on the part of the executor will not be imputed to the attorney." We agree with this reasoning, for reasons similarly put forth in our recent case of *Holland*. If attorneys were deprived of their statutory right to attorney fees in providing services to an executrix on a presumption of bad faith merely because the will propounded was ultimately not allowed to be probated, this would surely discourage any attorney from assisting in the probate of any will. There is no presumption of bad faith, on the part of the propounder or her attorney, merely because a will is defeated. To hold that the defeat of a will raises an inference of bad faith on the part of the executor or the attorney "would prevent the fair determination of validity of competing wills" or caveats. Id. at 547. The superior court found there was no evidence of bad faith on the part of this attorney, and on appeal appellant offers this Court no evidence of such bad faith. Accordingly, the superior court did not err in granting summary judgment and refusing to submit the "issue of good faith" to a jury.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 17, 1996.

*Watkins & Watkins, John D. Watkins*, for appellants.
*Lester, Lester & Flynt, James L. Lester*, for appellee.