979 P.2d 1133

**In the Matter of the ESTATE OF Carmen Corrine HERBERT, deceased.**

**No. 16291.**

Supreme Court of Hawai'i.

July 15, 1999.

MOON, C.J., LEVINSON, NAKAYAMA, and RAMIL, JJ. and Circuit Judge SOONG, in place of KLEIN, J., Recused.

Opinion of the Court by RAMIL, J.

On April 22, 1999, petitioner-proponent-appellant Hanno Soth, through his attorney, Arthur Reinwald, moved for attorneys' fees pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 53[1] and Hawai'i Revised Statutes (HRS) §560:3–720 (Supp. 1996 & Cum. Supp. 1998),[2] for attorneys' fees and expenses arising out of the probate and appellate proceedings culminating in *In re Estate of Herbert*, 90 Hawai'i 443, 979 P.2d 39 (1999).

Based upon the following, we deny Soth's request, pursuant to HRS § 560:3–720, for attorneys' fees and expenses incurred on appeal and upon application for certiorari.

## I.  BACKGROUND

In order to understand the issue presented, it is necessary to revisit briefly the facts of this case.  Carmen Herbert, the decedent and testatrix, died on July 4, 1990.  On July 5, 1990, Soth, a 26–year–old Canadian citizen, petitioned the probate court for admission of Carmen's third and final will, dated December 20, 1989 (the "1989 Will").  Soth drafted the 1989 Will for Carmen, was present when it was executed at the Kaimukī Branch of First Hawaiian Bank, and was named as the personal representative and residuary legatee of the 1989 Will, potentially receiving over $1.5 million dollars.

A jury denied probate of the 1989 Will on April 23, 1992, on the grounds of testamentary incapacity, mistake, and undue influence. *See In re Estate of Herbert*, 90 Hawai'i at 448, 979 P.2d at 44. It is apparent from the

---

1.  HRAP Rule 53 provides in pertinent part:

> **Requests for Attorneys' Fees and Expenses.**
>
> . . . .
>
> (b) Non-indigent Representation.  Parties claiming attorneys' fees pursuant to statute or contract may submit requests for the fees no later than 14 days after entry of judgment.  A request for fees pursuant to statute or contract shall be submitted in a form that substantially complies with Form 8 in the Appendix of Forms.  Objections and replies may be submit-

ted in the manner and within the times provided by Rule 39(d).

2.  HRS § 560:3–720 provides: "**Expenses in estate litigation.**  If any personal representative or person nominated as personal representative defends or prosecutes any proceeding *in good faith,* whether successful or not that person is entitled to receive from the estate that person's necessary expenses and disbursements including reasonable attorneys' fees incurred." (Emphasis added.)

evidence presented at trial that the jury found that Soth exercised undue influence over Carmen at the time of the 1989 Will's execution. Upon review of an application for certiorari from the Intermediate Court of Appeals, this court affirmed the jury verdict on March 17, 1999.

## II. *DISCUSSION*

■ Soth moved for attorneys' fees totaling $378,550.00, incurred in the underlying trial, appeal, and application for certiorari. Relying upon HRS § 560:3–720, Soth contends that such an award of attorneys' fees is permissible and requires a factual determination by the probate court, in the first instance, of whether the petition was filed and pursued in good faith. On the facts of this case, it is unnecessary to remand Soth's request for attorneys' fees to the probate court. For the following reasons, we adopt a *per se* rule that prohibits a finding of good faith on the part of a personal representative defending a will contest when (1) the personal representative was also the proponent of the will and (2) the personal representative has been found to have exercised undue influence over the testator or testatrix in the execution of the same will.

■ As noted above, HRS § 560:3–720 provides that, "[i]f any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not[,] that person is entitled to receive from the estate that person's necessary expenses and disbursements[,] including reasonable attorneys' fees incurred." Generally, "[t]he existence of good faith and just cause is a fact question for the trial court to determine." *Matter of Estate of Olson*, 479 N.W.2d 610, 614 (Iowa Ct.App.1991) (citation omitted); *see generally Fields v. Mersack*, 83 Md.App. 649, 577 A.2d 376, 381–82 (1990). On appeal, a finding of good faith with respect to an award of attorneys' fees is reviewed for an abuse of discretion. *See In re Probate of Alleged Will of Landsman*, 319 N.J.Super. 252, 725 A.2d 90, 100 (N.J.Ct.App.1999); *see generally Enos v. Pacific Transfer & Warehouse, Inc.*, 79 Hawai'i 452, 459, 903 P.2d

1273, 1280, *reconsideration denied,* 80 Hawai'i 187, 907 P.2d 773 (1995).

■ It is clear that "an unsuccessful proponent may have his attorney's fees paid out of the estate." 3 *Page on the Law of Wills* § 26.148, at 350 (William J. Bowe and Douglas H. Parker, eds., 1960) (*Page* ) (footnote omitted); *see e.g., Evans v. First Nat'l Bank of Bellville*, 946 S.W.2d 367, 380 (Tex.Ct.App. 1997), *reh'g denied* (June 5, 1997), *writ denied* (Dec. 18, 1997). The success or lack of success on the part of the proponent of the will is not dispositive. Indeed, in *In re Afong's Estate*, 26 Haw. 337, 339 (1922), this court stated:

> Neither the amount of the fees nor the value of the services is in issue. The sole controversy turns upon the question of the judicial power reposed in the court to order payment of the claims by the estate. The attorneys for contestants do not oppose the payment of the fee asked by the attorneys for the temporary administrator. The Bishop Trust Company was nominated in the will as executor and the will on its face appeared to be valid and the last will and testament of deceased. *It therefore was the duty of the trust company under section 2487 R.L.1915 to present the will for probate* to the court and after the will was admitted to probate and the trust company was appointed executor it clearly became the duty of the executor to defend the validity of the will against the attack of the contestants and it is incumbent upon the estate to reimburse the executor for its expense, including a reasonable attorneys' fee incurred in the proceeding. *See Notley v. Brown*, 16 Haw. 575; *McIntire v. McIntire*, 192 U.S. 116, 24 S.Ct. 196, 48 L.Ed. 369; *Bratney v. Curry*, 33 Ind. 399; *Parker v. Leighton*, 102 Atl. 552, 18 Ann. Cas. 742.

(Emphasis added.)

Soth acknowledges, quite candidly, that "one who propounds a will in bad faith cannot be allowed attorney's fees." 3 *Page, supra*, § 26.148 at 350. Soth also acknowledges the general rule that, "[i]f the executor exerted undue influence on the testator to induce him to make the will in question, he will not be allowed costs and attorney's fees."

*Id.* at 353. However, Soth contends that "a jury finding of undue influence does not necessarily answer the question whether the personal representative proceeded in good faith and with just cause." *Fields,* 577 A.2d at 381–82.

There is disagreement among jurisdictions that have addressed this very issue. Several jurisdictions apply a discretionary rule that leaves the determination of good faith to the probate court even when there is a finding of undue influence on the part of the personal representative or executor. *See Holland v. Farmer,* 217 Ga.App. 546, 458 S.E.2d 175, 176–77 (1995); *Estate of Settle,* 97 Ill.App.3d 552, 52 Ill.Dec. 799, 422 N.E.2d 1008, 1010 (1981); *Estate of Clark v. Foster & Good Funeral Home, Inc.,* 568 N.E.2d 1098, 1101 (Ind.Ct.App.1991); *In re Olson,* 479 N.W.2d 610, 614 (Iowa Ct.App.1991); *Estate of Brideau,* 458 A.2d 745, 748 (Me.1983); *Fields v. Mersack,* 83 Md.App. 649, 577 A.2d 376, 381 (1990); *In re Probate of Alleged Will of Landsman,* 319 N.J.Super. 252, 725 A.2d 90, 101 (N.J.Ct.App.1999); *In re Taylor's Estate,* 54 Tenn.App. 173, 388 S.W.2d 657, 662–64 (1963).

In contrast, several jurisdictions also recognize a *per se* rule prohibiting payment for attorneys' fees and expenses to a personal representative or executor who has been found to have exercised undue influence over the testator or testatrix. *See In re Estate of Hand,* 475 So.2d 1337, 1339–40 (Fla.Ct.App. 1985), *review denied,* 484 So.2d 8 (Fla.1986); *In re Randall's Estate,* 64 Idaho 629, 132 P.2d 763, 765 (1942), *reh'g denied,* 64 Idaho 629, 135 P.2d 299 (1943); *Creason v. Creason,* 392 S.W.2d 69, 75–76 (Ky.Ct.App.1965); *Matter of Honerud's Estate,* 326 N.W.2d 95, 96–97 (N.D.1982); *Matter of Winckler,* 234 A.D.2d 307, 651 N.Y.S.2d 69, 71 (N.Y.App. Div.1996) (mem.) ("finding of fraud and undue influence is evidence of bad faith" (citation omitted)); *In re Estate of Marks,* 91 Wash.App. 325, 957 P.2d 235, 241 ("A conclusion of undue influence perpetrated by an executor and beneficiary in a will contest imports a finding of bad faith." (citation omitted)), *review denied,* 136 Wash.2d 1031, 972 P.2d 466 (1998). *Cf. Matter of Estate of Killen,* 188 Ariz. 569, 937 P.2d 1375, 1382 (Ct.App.1996) (implying finding of undue influence could equal finding of bad faith); *Wilson v. Veazey,* 30 F.2d 310, 311 (D.C.Ct. App.1929) ("[T]he trial justice was convinced that the executor had exerted undue influence in the procurement of the alleged will. In other words, that he had not acted in good faith.").

In this regard, a Florida court of appeals explained:

[W]e here subscribe to, the eminently sensible principles of law that (1) a person who offers a will for probate shall not be entitled to recover costs or attorneys' fees from the decedent's estate where it is determined that such person has been guilty of wrongdoing which prevents the will from being admitted to probate, and (2) an unsuccessful effort by attorneys to probate a will is of no benefit to the decedent's estate and should not be compensated by the estate. We can see, then, that where a proponent of a will, as here, is under subsection two disentitled to recover fees and costs because his wrongdoing is the cause of the rejection, his attorneys' claim for fees under subsection three will not lie because the very rejection of the will— even if for benign reasons—means that there is no benefit to the estate.... While the appellee–attorneys correctly point out that proponents should not be deterred from offering wills for probate, a rule that makes wrongdoers responsible for their own fees will hardly deter legitimate proponents. The attorneys' good faith in undertaking the representation of a proponent of a will who is later found to have wrongfully procured the will surely does not outweigh the rights of the beneficiaries of the decedent's estate to see to it that the estate is not "consumed by the payment of fees for supposed benefits of the services of the attorneys for the several proponents." *In re Graham's Estate,* 156 Fla. [421] at 431, 23 So.2d [485] at 490 [(1945)]. We do not think it an unduly harsh rule of law that the attorney who represents the wrongdoer look to the wrongdoer for compensation. Where, as between two innocent parties—the attorney and the estate—only one—the attorney—is in a position to protect himself

from being victimized by the wrongdoer–proponent, the attorney should bear the loss if the wrongdoer does not pay.

*In re Hand,* 475 So.2d at 1340.

We are convinced by the above rationale. The attorney, not the estate, should bear the burden of attorneys' fees and expenses incurred by a personal representative in defending or prosecuting a will contest in which he or she has been found to have exercised undue influence over the testator or testatrix. Therefore, we adopt the *per se* rule.

### III. *CONCLUSION*

Based upon the foregoing, we deny Soth's request, pursuant to HRS § 560:3–720, for attorneys' fees and expenses incurred on appeal and upon application for certiorari, because, as a matter of law, a finding of undue influence on the part of the personal representative, who was also the proponent of the rejected will, precludes a finding that he or she defended or prosecuted the will contest in good faith. For the same reasons, we deny Soth's request that this court remand the matter to the circuit court for a determination on the issue of good faith, with respect to attorneys' fees and expenses incurred before the probate court.