# IN RE GORDON C. ANDREWS'
## APPEAL FROM PROBATE
### (AC 23447)

Foti, DiPentima and Peters, Js.

Argued May 29—officially released July 29, 2003

*William A. Phillips*, for the appellant (plaintiff).

*William J. Wenzel*, for the appellee (defendant).

Opinion

PETERS, J. A testamentary estate must reimburse an executor for costs reasonably incurred for the benefit of the estate. The issue in this case is whether this principle requires the estate to pay attorney's fees that an executor incurred in a dispute about the executor's fees. Under the circumstances of this case, we agree with the trial court that the estate is not chargeable with these attorney's fees. Accordingly, we affirm the judgment of the trial court.

The plaintiff, Gordon C. Andrews, the executor of the estate of John Stark Gorby, appealed to the Superior Court to challenge the validity of a decree of the Fairfield Probate Court that disallowed charges against the Gorby estate for $25,000 in legal fees and $3423.31 in associated costs. These fees represented amounts that attorney William A. Phillips had charged the plaintiff to represent him in his effort to obtain an executor's fee larger than that which he had been awarded by the Probate Court. The defendant, John Thomas Gorby, the only son of the decedent and the primary beneficiary of the estate, objected to having additional fees charged to the estate. The trial court concluded that the plaintiff was not entitled to recover the fees and costs associated with Phillips' services.[1]

The plaintiff appeals from the judgment of the trial court on two grounds. As a procedural matter, he claims that the court, *Hon. Joseph T. Gormley, Jr.*, judge trial referee, lacked jurisdiction to hear this case because

[1] In a companion case involving the same parties, the trial court removed the plaintiff as fiduciary for two trusts created by the decedent. We affirmed those judgments in *In re Andrews' Appeal From Probate*, 78 Conn. App. 429, 826 A.2d 1260 (2003) (AC 23446).

the court, *Melville, J.,* improperly declined to re-refer it for a rehearing before an attorney trial referee. As a substantive matter, he claims that the court improperly rejected his claim that the Gorby estate should be charged with the fees and costs arising out of the legal services provided by Phillips. Neither claim raises any question of disputed fact. Accordingly, our review of the plaintiff's claims is plenary. *Rosato* v. *Rosato,* 77 Conn. App. 9, 17, 822 A.2d 974 (2003).

## I

The plaintiff's procedural claim arises out of proceedings predating the trial before the court, *Hon. Joseph T. Gormley, Jr.,* judge trial referee. In the plaintiff's view, the proper forum for hearing the dispute about financial responsibility for his attorney's fees was a proceeding before an attorney trial referee. We disagree.

At an earlier stage in this litigation, this case had indeed been referred to an attorney trial referee, Daniel Shepro. This referral was vacated because the attorney trial referee did not file his report in favor of the plaintiff within the 120 day period required by Practice Book § 19-4.[2] The plaintiff then moved for re-referral of the case to the attorney trial referee. The trial court, *Melville, J.,* denied the plaintiff's motion.

The plaintiff asks us to review the merits of Judge Melville's decision. We need not address this issue because the plaintiff has waived it. Judge Gormley's memorandum of decision begins with the statement that "the parties stipulated that this court could determine the issues raised based on the testimony and exhibits before [the attorney trial referee] and the briefs

---

[2] Practice Book § 19-4 provides: "An attorney trial referee to whom a case has been referred shall file a report with the clerk of the court, with sufficient copies for all counsel, within one hundred and twenty days of the completion of the trial before such referee."

and reply briefs filed at that time by the parties. The parties did reserve the right to file supplemental briefs updating the law." The plaintiff does not dispute the accuracy of the court's statement. Accordingly, the trial court, sitting as a Probate Court, was the proper forum in which to litigate the merits of the parties' dispute about attorney's fees.

## II

The plaintiff's substantive claim concerns his alleged right, as executor of the Gorby estate, to charge the estate for the attorney's fees that he paid Phillips. It is important to state the plaintiff's claim precisely. This case does *not* concern the duty of an estate to pay for the administrative services rendered by an executor. It does *not* concern the duty of an estate to reimburse the executor for administrative expenses, including attorney's fees, that directly benefit the estate. It *does* concern the alleged duty of an estate, in the event of a fee controversy, to pay not only the executor's fee but also the fee charged by the attorney representing the executor in the fee dispute. This is an issue of first impression in this state.

The trial court concluded that the estate had no duty to pay an executor's legal fees under the circumstances of this case. It did not decide whether, in fact, the fees charged by Phillips were reasonable in amount. It decided only that Phillips' fees were not chargeable to the estate.

## A

To provide the context for the plaintiff's claim, we briefly review the history of the fee dispute for which he sought professional assistance from Phillips. The relevant facts are set out in *Andrews* v. *Gorby*, 237 Conn. 12, 13–14, 675 A.2d 449 (1996), and in Judge Gormley's memorandum of decision.

In a will executed on February 3, 1987, and in subsequent codicils, John Stark Gorby named the plaintiff the executor of his will and the trustee of two trusts that he had created. Id., 18. The plaintiff was not an estates lawyer. He assumed these fiduciary responsibilities reluctantly, at the request of the decedent, because of a close friendship of fourteen years' standing. Id. One of the codicils to Gorby's will provided that the plaintiff's fee as executor would be assessed in accordance with a named bank's schedule. Id., 18–19. The plaintiff never discussed the amount of his executor's fees with the decedent. Id., 19–20. The estate consisted of a gross estate valued at $748,656 and assets reported for tax purposes of $614,621. Id., 19.

In 1989, after the death of the decedent and the plaintiff's appointment as executor for the Gorby estate, the plaintiff first utilized his own services as attorney for the estate. In 1992, the plaintiff submitted an accounting to the Probate Court in Fairfield in which he sought an executor's fee of $28,064 and a separate attorney's fee of $28,064. He included a claim for attorney's fees on Phillips' advice that such a claim was appropriate under Connecticut practice.

After the defendant objected to the plaintiff's proposed fees, the plaintiff revised his fee request upward. Upon the advice of Phillips, whom he had engaged as counsel, he calculated his fees according to the bank schedule that was incorporated in the codicil to Gorby's will. As a result, on May 1, 1993, he asked for the approval of an executor's fee of $45,898 and his own attorney's fee of $28,064. He also listed $5000 as an estimate of "Attorneys Fees—William A. Phillips (estimate)." The Probate Court, *Shannon, J.,* awarded the plaintiff only $28,000 as an executor's fee and disallowed any claim for an attorney's fee for the plaintiff's own services "because of his dual capacity."

The plaintiff appealed from that award, first to the Superior Court and then to the Supreme Court. Our Supreme Court set the award of the trial court aside for procedural reasons. Id., 16–17.[3] The court also held that the plaintiff could not measure his executor's fees by the bank schedule because the plaintiff had not discussed that schedule with the testator. Id., 22.

On remand, the Superior Court, *Belinkie, J.,* set the plaintiff's fee at $25,000 for his services as executor. The court found that the Gorby estate was "a simple estate involving routine documents and no extraordinary circumstances, difficult issues or problems, and, that the handling of this estate involved, no more than average knowledge, skill or judgment. In addition, the plaintiff was able to handle this estate while being employed full time as counsel for a New Jersey corporation." *Andrews* v. *Gorby,* Superior Court, judicial district of Fairfield, Docket No. 306238 (February 11, 1998). Significantly, this judgment awarded the plaintiff a fee that was $3000 less than that which he had been awarded by the court, *Shannon, J.,* five years earlier.

B

Upon the conclusion of the fee dispute, the plaintiff returned to the Probate Court to request an additional charge against the Gorby estate of $25,000 for legal fees and $3423.31 for costs associated with said fees. These were the legal fees that Phillips had charged for his services with respect to the fee dispute. The Probate Court, *Caruso, J.,* denied the plaintiff's request in its entirety. After a de novo hearing, Judge Gormley likewise concluded that the estate was not chargeable for

[3] The court held that the Superior Court had employed an improper standard of review. Instead of deferring to the decision of the Probate Court, the Superior Court should have engaged in a de novo review of the executor's fee awarded by the court, *Shannon, J.*

Phillips' fees. The court's judgment in favor of the defendant gave rise to this appeal.

The plaintiff claims that the trial court improperly ruled that Phillips' fees were not a legitimate charge against the estate. Although he does not challenge the trial court's underlying findings of fact, he maintains that he has a legal claim for recovery because, in his view, he acted in good faith in obtaining legal advice that was beneficial for the estate.

We agree with the defendant that the judgment of the trial court must be affirmed. As a matter of fact, the court did not agree with the plaintiff's representations about the nature of his own conduct or its impact on the estate. As a matter of law, the trial court properly rejected the plaintiff's argument that this case is governed, or should be governed, by the law of the state of California as stated in *In re Estate of Trynin*, 49 Cal. 3d 868, 873–74, 782 P.2d 232, 264 Cal. Rptr. 93 (1989).

1

The trial court's memorandum of decision unequivocally refutes the factual assertions on which the plaintiff relies. The court carefully addressed both his claim that the fee dispute was pursued for the benefit of the estate and his claim that he had pursued this dispute in good faith.

The court expressly found that Phillip's services did not benefit the estate. "All during the initial proceeding before Judge Shannon in the Probate Court on the disallowance of fees, the trial before Judge Levin, the appeals to the Appellate and the Supreme Court and the retrial before Judge Belinkie, the plaintiff was represented by attorney William Phillips. Those services were performed solely to increase the plaintiff's executor fees and to procure attorney fees for him."[4]

---

[4] The court also noted that the fee litigation had imposed a considerable expense on the defendant, who had personally paid the fees charged by his attorney.

The court implicitly found that the plaintiff had not established his own good faith. It noted the plaintiff's failure to discuss with the testator his intent to recover a fee both as executor and as attorney or to measure his fee according to the bank schedule incorporated in the codicil to the will. It observed that the plaintiff had responded to the defendant's objection to the plaintiff's initial fee request by raising the amount that he sought from the estate. It was troubled by the fact that, in calculating that higher amount, the plaintiff had availed himself of the bank schedule even though he had earlier acknowledged that use of this schedule would be inequitable in light of the plaintiff's future right to recover trustee's fees.[5]

Without disputing these adverse fact findings directly, the plaintiff argues that we should set them aside in light of a contrary characterization of his conduct by the attorney trial referee. The referee found that there was "insufficient evidence to show that the claim for fees was not made from an honest conviction that fees were due him under the will."

This case, however, does not come to us as an appeal from the report of the attorney trial referee and is not governed by the rules governing such an appeal. *Johnson Electric Co.* v. *Salce Contracting Associates, Inc.*, 72 Conn. App. 342, 345, 805 A.2d 735, cert. denied, 262 Conn. 922, 812 A.2d 864 (2002), on which the plaintiff relies, is therefore inapplicable. Because the attorney trial referee report had been vacated, the trial court properly undertook an independent plenary analysis of the merits of the controversy between the parties.

We recognize that the court did not hold an evidentiary hearing in this case but arrived at its judgment by examining "the testimony and exhibits before [the

---

[5] In the absence of a finding of good faith, the plaintiff's reliance on *Hewitt* v. *Beattie*, 106 Conn. 602, 138 A. 795 (1927), is misplaced.

attorney trial referee] and the briefs and reply briefs filed at that time." An attorney trial referee's findings, however, do not fall within the rubric of "testimony and exhibits." It is irrelevant, therefore, that the attorney trial referee found that the plaintiff's fee requests had been filed honestly and in good faith. The trial court had the plenary authority to make whatever findings were appropriate on the record before the court.

### 2

On the facts found by the trial court, the plaintiff faces an uphill battle in his claim of law for charging the estate for the costs of the legal services provided by Phillips. He nonetheless urges us to rule that, as a matter of law, he is entitled to recover Phillips' fees from the estate, principally because Connecticut should follow the rule adopted in *In re Estate of Trynin,* supra, 49 Cal. 3d 868.

The parties agree that there is no Connecticut law that specifically addresses an executor's right to charge an estate with legal fees incurred by the executor in the course of disputing his own executor's fees. No cases are directly on point and no statute defines an executor's entitlement to legal fees. That does not mean, however, that, in crafting an appropriate rule of law for this issue of first impression, we are writing on a clean slate.

The question of whether an executor may charge an estate for attorney's fees that he has incurred can be restated as a question of determining the compensation to which an executor is entitled. The executor's net compensation clearly will depend on whether he or the estate bears the cost of the attorney's fees.

Connecticut law, long ago, defined the factors that a court must consider in determining the compensation to which an executor is entitled. In *Hayward* v. *Plant,*

98 Conn. 374, 119 A. 341 (1923), our Supreme Court held that "reasonable" compensation for an executor means "what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executors, the manner and promptitude in which the estate has been settled and the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination." Id., 385.

In this case, the plaintiff never sought to justify his pursuit of enhanced executor's fees by claiming that he had undertaken any special responsibilities or performed extraordinary services for the estate. To the contrary, the trial court, *Belinkie, J.*, found that administration of the Gorby estate was routine and presented no extraordinary circumstances, difficult issues or problems. *Andrews* v. *Gorby*, supra, Superior Court, Docket No. 930306238. In the present proceedings, the trial court found that the services performed by attorney Phillips did not benefit the estate in any respect. Accordingly, *Hayward* supports the trial court's denial of the plaintiff's attorney's fees.

The plaintiff's request for coverage of his attorney's fees also implicates a second settled principle of Connecticut law. That principle is the American rule of attorney's fees, which requires each party to a litigation to pay its own attorneys' fees unless some specific statutory or contractual exception provides to the contrary. *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 72–73, 689 A.2d 1097 (1997); *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 516, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002). As our Supreme Court has stated: "[W]hen the General Assembly wanted to authorize the award of

attorney's fees it knew how to do it." *Chrysler Corp. v. Maiocco*, 209 Conn. 579, 593, 552 A.2d 1207 (1989). In this case, the General Assembly has not acted.

The American rule denies the recovery of attorney's fees to a litigant who *prevails* in the underlying litigation. It would be anomalous, to say the least, not to apply the same rule to someone in the position of the plaintiff, who did not prevail in his efforts to obtain a greater executor's fee.

Finally, the American rule presumptively applies in this case even though the plaintiff seeks to recover attorney's fees not from the defendant but from the estate. The estate's responsibility to cover the cost of services rendered on behalf of the estate does not imply a duty to cover costs for attorney's fees. In an analogous context, our Supreme Court has considered whether a contractual obligation to cover the costs of a potential claim implies an obligation to cover attorney's fees incurred in enforcing the contractual obligation. In *Burr v. Lichtenheim*, 190 Conn. 351, 363, 460 A.2d 1290 (1983), the court held that it did not. It adopted the rule that, "in the absence of express contractual terms to the contrary, allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification. . . . Courts have relied on encompassing language in the indemnity contract, usually specifically referring to attorney's fees, to find an express agreement to the contrary."[6] (Citations omitted.) Id., 363–64.

The American rule on attorney's fees presents a serious obstacle to the plaintiff's recovery in this case. Because the parties have not briefed the significance

---

[6] The plaintiff does not assert that the testator in this case ever agreed, expressly or impliedly, that his estate would bear responsibility for the plaintiff's attorney's fees.

of the rule, we would be reluctant to base our judgment on that ground alone. For present purposes, however, we cite the rule as an additional reason for affirming the judgment of the trial court.

3

Our survey of relevant Connecticut law persuades us, therefore, that the trial court properly declined to award the plaintiff the attorney's fees that he sought. The out-of-state authorities on which the plaintiff relies do not warrant a different result.

One out-of-state authority cited by the plaintiff is § 3-720 of the Uniform Probate Code, a statute that, concededly, our legislature has not adopted. The plaintiff nonetheless urges us to adopt the rule stated in that section as a common law policy. Section 3-720 provides that "[i]f any personal representative . . . defends or prosecutes any proceeding in good faith, whether successful or not he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred."

Section 3-720 does not, however, support the plaintiff's case. Even if the policy it articulates were persuasive as a general matter, its applicability is not unlimited. Relief under the statute depends on a finding that the personal representative "prosecutes any proceeding in good faith." The trial court declined to so characterize the plaintiff's pursuit of his fee dispute. Under the Uniform Probate Code, the existence of good faith supporting a request for attorney's fees is a question of fact for the trial court. See also *In re Estate of Herbert*, 91 Haw. 107, 109, 979 P.2d 1133 (1999); *Fields* v. *Mersack*, 83 Md. App. 649, 659–60, 577 A.2d 376 (1990).

The other out-of-state authority that the plaintiff cites is *In re Estate of Trynin*, supra, 49 Cal. 3d 868, in which the California Supreme Court authorized an award of

fees to executors that included compensation for fees charged by the executors' attorney. That court concluded that an applicable California statute justified such an award because the executors, with the assistance of their attorney, had performed extraordinary services for the estate in settling a substantial claim against the estate for $125,000 rather than paying out $738,000, the original amount of the complaint. Id., 871–72.

The court's reasoning in *In re Estate of Trynin* is illuminating. The court observed that "a contrary rule would ultimately be deleterious to decedents' estates and heirs because attorneys would be reluctant to perform services necessary to the proper administration of decedents' estates if the compensation awarded for their services could be effectively diluted or dissipated by the expense of defending against *unjustified* objections to their fee claims." (Emphasis added.) Id., 871. The court also held, however, that an additional award for fee related services was not invariably required. "Where the trial court reasonably concludes that the amounts previously awarded the attorney for both ordinary and extraordinary services are adequate, given the value of the estate and the nature of its assets, to fully compensate the attorney for all services, including fee-related services, denial of a request for fee-related fees would not be an abuse of discretion." Id., 880.

As the trial court in this case noted, because extraordinary fees were approved in *In re Estate of Trynin*, "it was easy [for the California court] to find the objection to be unjustified." That is not this case. Even if we were to adopt the rationale of *In re Estate of Trynin*, this plaintiff could not recover unless the court found the defendant's objection to the plaintiff's fee requests to have been unjustified. In fact, it found the opposite.

The plaintiff's reliance on *In re Estate of Trynin* is, therefore, misplaced for three reasons. In his case, no

statute displaces the American rule on attorney's fees, no extraordinary services warrant enhancement of his executor's fees and no one proffered an unreasonable objection to his fee request.

Even in the absence of these distinguishing factors, we would be disinclined to import the law of California into the law of Connecticut. As far as we can tell, *In re Estate of Trynin* has not been followed in any other state, even in states that, like California, have statutes that authorize an executor to recover attorney's fees under some circumstances. Taking into account the principles that underlie executor compensation and the American rule on attorney's fees, we are persuaded that the proper rule is that stated by the Indiana Court of Appeals in *In re Estate of Inlow*, 735 N.E.2d 240 (Ind. App. 2000).

Like the California court, the Indiana court, in *In re Estate of Inlow*, recognized the risk that an executor's right to appropriate fees for estate services might be unfairly constricted if the executor were invariably required to absorb the cost of professional advice to obtain the fees to which he was entitled. Id., 254. Diminution in the net amount of a litigant's recovery is, of course, an inevitable consequence of the American rule for attorney's fees. Nonetheless, the court held that, "[i]n the case of a meritorious challenge to a fee petition, defending its reasonableness cannot seriously be considered a service 'for the estate,' especially if the challenge results in a reduction of the proposed fee." Id.

The Indiana court further held, however, that recovery of attorney's fees would be appropriate in the unusual case of an executor forced to defend his fee petition "against baseless challenges brought by contentious heirs or legatees." Id. To justify such a recovery, an executor would have to show that his fee petition had been contested for reasons that were "frivolous,

unreasonable, or groundless" or that the fee dispute had been "litigated . . . in bad faith." Id.

We are persuaded that *In re Estate of Inlow* strikes the proper balance between an executor's right to compensation and the estate's right to protection of its assets. See also *In re Estate of Painter*, 628 P.2d 124, 126 (Colo. App. 1980); *In re Sloan Estate*, 212 Mich. App. 357, 363, 538 N.W.2d 47 (1995); *In re Estate of Larson*, 103 Wash. 2d 517, 532–33, 694 P.2d 1051 (1985) (en banc).

Under *In re Estate of Inlow*, the plaintiff in this case cannot prevail. Judge Gormley expressly found that the defendant was justified in challenging the plaintiff's fee request. It follows that the defendant's action was not "frivolous, unreasonable, or groundless."

4

In sum, we conclude that Judge Gormley properly analyzed the plaintiff's claim to recover attorney's fees and properly decided that his claim was not supported either by Connecticut law or by the law of other American states. The plaintiff's claim founders on the fact that the plaintiff did not establish that he had pursued the underlying fee litigation in good faith for the benefit of the estate. Furthermore, the plaintiff does not purport to have established that the defendant challenged the amount of his executor's fee for reasons that were frivolous, unreasonable, or groundless.

The judgment is affirmed.

In this opinion the other judges concurred.