**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000434
26-DEC-2024
07:49 AM
Dkt. 61 SO**

NO. CAAP-21-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF ETHEL D. CAMACHO, also known as
ETHEL DOROTHY CAMACHO, Deceased-Appellee
(PROBATE NO. 1LP081000192)

and

IN THE MATTER OF THE ETHEL CAMACHO
LIVING TRUST DATED MARCH 3, 2018,

NEPHI DANIEL IOANE CAMACHO, Petitioner-Appellee, v.
BEVERLY J. CALKOVSKY, Respondent-Appellant
(TRUST NO. 1TR081000094)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

This appeal arises out of post-judgment proceedings following a will contest between Petitioner-Appellee Nephi Daniel Ioane Camacho (**Nephi**) and Respondent-Appellant Beverly J. Calkovsky (**Beverly**), the respective grandson and daughter of decedent Ethel Camacho (**Ethel**). Beverly appeals from the June 22, 2021 "Order Granting in Part and Denying in Part . . . Nephi['s] Motion For Approval of Costs for His 'Good Faith' Defense of the Last Will and Testament of Ethel Camacho Dated November 2, 1998, Filed on October 29, 2018" (**Cost Order**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Pursuant to Hawaii Revised Statutes (**HRS**) § 560:3-720,

---

[1] The Honorable Dean E. Ochiai presided.

quoted <u>infra</u>, the Circuit Court granted in part Nephi's request that Ethel's estate pay costs Nephi incurred, in the amount of $33,092.98, in pursuing his unsuccessful will contest.

On appeal, Beverly contends that the Circuit Court erred in finding: (1) there was no "bad faith" on the part of Nephi; and (2) the costs awarded to Nephi were "warranted pursuant to the individual requests and basis set out in Exhibits 'A' and 'B'" to the Cost Order.

We summarized the background of this matter in <u>In re Estate of Camacho</u>, 140 Hawaiʻi 404, 400 P.3d 605 (App. 2017). Relevant to this appeal, we held that under HRS § 560:3-720, Nephi was entitled to an award of his necessary costs incurred in pursuing the will contest, but the record was insufficient for us to determine whether all of the costs requested by Nephi, in the amount of $42,754.09, were necessary. <u>Id.</u> at 406, 400 P.3d at 607. We thus vacated the Circuit Court's cost award and remanded the case for further proceedings on this issue. <u>Id.</u> at 406, 414, 400 P.3d at 607, 615. On remand, Nephi filed a motion for approval of costs in the same amount. Following briefing and a hearing, the Circuit Court entered the Cost Order.

On appeal, Beverly contends that the Circuit Court erred in finding: (1) there was no "bad faith" on the part of Nephi; and (2) the costs awarded to Nephi were "warranted pursuant to the individual requests and basis set out in Exhibits 'A' and 'B'" to the Cost Order.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Beverly's contentions as follows, and affirm.

(1) The Cost Order stated in part: "The Court further finds that there was no 'bad faith' on the part of [Nephi]." Beverly contends that the Circuit Court erred in making this finding.

HRS § 560:3-720 (2018) states:

> **Expenses in estate litigation**. If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not that person is entitled to receive from the estate that person's necessary expenses and disbursements including reasonable attorneys' fees incurred.

For purposes of applying HRS § 560:3-720, the issue is whether Nephi acted in good faith in pursuing the will contest. We decided this very issue in <u>In re Estate of Camacho</u>, where Beverly contended that Nephi did not act in good faith. 140

2

Hawaiʻi at 412, 400 P.3d at 613. We noted that "[g]enerally, the existence of good faith is a fact question for the trial court to determine." Id. at 413, 400 P.3d at 614 (ellipsis omitted) (quoting In re Estate of Herbert, 91 Hawaiʻi 107, 109, 979 P.2d 1133, 1135 (1999)). Based on the record, we expressly ruled: "We find no basis to overturn the Circuit Court's determination that Nephi acted in good faith in pursuing the will contest." Id. We will not revisit this ruling in this appeal. Hussey v. Say, 139 Hawaiʻi 181, 186, 384 P.3d 1282, 1287 (2016) (the law of the case doctrine generally "operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal").[2]

(2) The Cost Order also provided:

> 1. The Court grants the Total Amount of Costs to **Taylor, Leong & Chee** of **$344.36,** pursuant to the list of costs contained in Exhibit "A," attached hereto;
>
> 2. The Court grants in part, the Total Amount of Costs to **MacDonald, Rudy, O'Neill & Yamauchi** of **$ 32,748.62,** pursuant to the list of costs contained in Exhibits "A" and "B," attached hereto. The Court denies in part the requests of MacDonald, Rudy, O'Neill & Yamauchi pursuant to the list of costs contained in Exhibits "A" and "B," attached hereto and the basis for the denial and/or reductions listed therein.
>
> . . . The Court finds as a matter of law, such costs are warranted pursuant to the individual requests and basis set out in Exhibits "A" and "B" attached hereto.

Beverly contends that the Circuit Court erred in finding that the costs awarded to Nephi were "warranted pursuant to the individual requests and basis set out in Exhibits 'A' and 'B[.]'" Beverly argues that "[Nephi's] counsel failed to identify which of the costs were expended in the challenge to the decedent's Will and the costs in litigating [Ethel's 2008] Trust." She appears to assert that the latter costs were not recoverable.

---

[2] Beverly also argues, without stating a related point of error, that Nephi was not a "valid" personal representative for purposes of HRS § 560:3-720. We may disregard this argument under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). In any event, we necessarily determined, in concluding that Nephi was entitled to an award of his necessary costs under section 560:3-720, that Ethel's 1998 will nominated Nephi as the personal representative of her estate, after Ethel's son predeceased her. In re Estate of Camacho, 140 Hawaiʻi at 405-06, 400 P.3d at 606-07; see Hussey, 139 Hawaiʻi at 186-87, 384 P.3d at 1287-88 (an appellate court may decide an issue "either expressly or by necessary implication"). We will not revisit this decision either.

Nephi argued below that the probate and trust proceedings at issue were inextricably intertwined and consolidated for trial. As a result, the related expenses were not segregated. Nephi makes a similar argument on appeal.

Our review of the record reveals that the probate and trust proceedings were in fact intertwined. We set out the procedural background of the probate proceeding in the prior appeal, noting that the trust proceeding sought the same basic relief – that the case be transferred to formal probate; that a jury trial be held to resolve contested matters; that Ethel's 1998 will be admitted to probate; and that Ethel's 2004 will, the power of attorney granted to Beverly, Ethel's 2008 trust, and the transfer of property into the trust be declared null and void. See In re Estate of Camacho, 140 Hawaiʻi at 407 n.2, 400 P.3d at 608 n.2. In turn, Nephi's requested costs appear to be related primarily to preparation for the consolidated trial, including costs for discovery, depositions and related travel. The Circuit Court went line by line through Nephi's reported cost items to determine which costs Nephi could recover from Ethel's estate. The Circuit Court disallowed several items, including courier and messenger charges, Westlaw charges, rental car and taxi fares, and other travel expenses. These were the same costs that Beverly challenged as "unnecessary, insufficiently documented, or unrecoverable" in her earlier appeal. In re Estate of Camacho, 140 Hawaiʻi at 413-14, 400 P.3d at 614-15.

We conclude that the Circuit Court explained its rulings on Beverly's cost objections in sufficient detail to permit effective appellate review.[3/] We further conclude that the Circuit Court did not abuse its discretion in determining that the costs awarded to Nephi were "warranted" as set out in the Cost Order and attached exhibits.

---

[3/] Beverly also argues, without stating a related point of error, that Nephi failed to show that the estate benefitted from Nephi's actions. **[OB at 20-21]** We may disregard this argument under HRAP Rule 28(b)(4). In any event, in the prior appeal, we "reject[ed] Beverly's contentions that Nephi was not entitled to recovery of costs under HRS 560:3-720 . . . because . . . his actions did not benefit Ethel's estate[.]" In re Estate of Camacho, 140 Hawaiʻi at 413, 400 P.3d at 614. We will not revisit this decision. See Hussey, 139 Hawaiʻi at 186, 384 P.3d at 1287.

For the reasons discussed above, we affirm the "Order Granting in Part and Denying in Part, Petitioner Nephi Daniel Ioane Camacho's Motion For Approval of Costs for His 'Good Faith' Defense of the Last Will and Testament of Ethel Camacho Dated November 2, 1998, Filed on October 29, 2018," entered on June 22, 2021, by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, December 26, 2024.

On the briefs:

Ted H.S. Hong
for Respondent-Appellant.

Carroll S. Taylor
(Taylor, Leong & Chee)
and]
Michael D. Rudy and
Paul A.C. Higa
(MacDonald Rudy O'Neill &
Yamauchi, LLLP, LLP)
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge